## John W. Hawkesworth & others *vs.* Thomas Thompson & another.

An abutter on a passage way, through which has run for more than twenty years a common sewer, used by such abutters, built under an agreement that they should pay for making so much of it as passed by their respective premises, and so built that the tide which ebbed and flowed in it and the other water which passed through it was prevented by its wooden walls and the earth packed around them from entering the cellars, who builds a drain from his premises into the sewer so carelessly that by loosening the earth he causes water to escape from the sewer, at the time of high tide, into the cellar of another abutter, is liable for the damage so done, although in its course into the neighbor's cellar the water passes through his own, and prior to twenty years both were subject to the natural flow and ebb of the tide, and would have continued to be so subject but for the artificial filling up of flats between the passage way and the edge of the harbor, and although all his acts in building the drain were done upon his own land.

One who superintends, although gratuitously and not under any contract, work done on land of another, and through whose negligence, as well as that of such other, damage is done to a third person by the work, is liable therefor in an action by such third person against him and such other jointly.

Tort by the lessees of a warehouse on Fulton Street in Boston against the defendant Thompson as owner of another warehouse on the same street, and Asa Mitchell, the other defendant, as Thompson's servant, by occupation a carpenter, for so negligently connecting a drain from Thompson's premises with a common sewer running through a passage way in the rear of both warehouses as to cause water to run into the plaintiffs' cellar and wet and rust a stock of steel bars and sheets there on May 18, 1866, and do other damage on subsequent days.

In the superior court the case was referred to an auditor whose report was made part of the agreed facts. The evidence reported concerning the relation of the defendant Mitchell to the construction of the drain showed that he did not contract to lay it, or to do any specific work in connection with it, but that the laborers who did the work were in his employment at the time thereof, and he was to be reimbursed by Thompson for the amount of their wages, and that he superintended their labor, having been requested by an agent of Thompson to give directions to them. It also showed that part, if not the whole, of the water which ran into the plaintiffs' cellar, and did the damage, flowed first through the cellar of Thompson, and trickled

through the intervening walls. The other facts are stated in the opinion. Judgment for the plaintiffs was ordered on the report; and the defendants appealed.

*G. S. Hale,* for the plaintiffs.

*J. G. Abbott & B. Dean,* for the defendant Thompson.

*W. P. Harding,* for the defendant Mitchell.

CHAPMAN, J. We do not think the fact that the whole of the land upon Fulton Street between Cross and Richmond Streets, including the premises of the plaintiffs and the defendants, was originally subject to the ebb and flow of the tide is material; for the land between Fulton Street and Commercial Street was filled up, and the foundation walls of the existing buildings were built, between thirty and forty years ago. The passage way in the rear of the premises was then laid out, and has ever since been used, and the sewer in the middle of the passage way from Cross Street to Richmond Street, which is found by the auditor to be a public sewer, was made prior to 1842. After this lapse of time the parties have the same rights in respect to each other that they would have had if the tide had never flowed there since the memory of man. The sewer was constructed in pursuance of a petition and agreement made by certain abutters, including those from whom the parties in this action derived their respective titles, and filed with the board of aldermen of the city of Boston, and it stated that, if the city would continue the sewer to the dock, they would pay the expense of making so much of it as passed in the rear of their several estates.

The tide ebbs and flows through this sewer, which is of wood, but the walls of the sewer, and the earth which was packed around it, have been sufficient to prevent the escape of the tide water from the sewer into the plaintiffs' cellar, and ever since 1842, or an earlier date, they have used the sewer for the purpose of draining their own cellar by means of a hollow log and hollow plug, so arranged as to prevent the reflux of the water at high tide. By these arrangements and this use these parties have acquired certain rights in the sewer, not only as a means of drainage, but of protection against the influx upon their premises of the water which flows through it. Each of them has an

adverse right as against the others to enjoy it as a sewer, and as an embankment to protect him from being injured by the water that flows through it, whether it be tide water flowing from the sea, or fresh water flowing to the sea. In addition to this the city has an interest in it, which it holds for the benefit of all persons who have a right to use it for drainage or whose estates may be affected by it, as well as for the public.

The acts of the defendant Thompson which are complained of were done in attempting to lay a drain from his cellar into this common sewer. He opened the walls of the sewer, and removed the earth around it; and replaced the earth so loosely that the water escaped from the sewer through the opening and the loose earth, into the plaintiffs' cellar, and injured their property. The auditor finds that this was in consequence of the negligence of Thompson and his servants. It is not material whether the water came from the sea, or came from above; or whether it came from the plaintiffs' cellar and was prevented by the high tide from flowing to the sea, and so filled the sewer. In either case the injury was occasioned by the negligence of the defendants in opening and not properly closing this common embankment.

The fact that all Thompson's acts were done upon his own land is not material. One may be liable to his neighbor for acts done upon his own land which occasion an injury to that neighbor.

It is contended that Mitchell is not liable jointly with Thompson. But the auditor finds that he was present and superintended the work, and that the damage to the plaintiffs was caused by his negligence as well as that of Thompson. Superintendence implies direction; so that both the defendants must be regarded as having directed the work to be done. The fact that Mitchell rendered his services gratuitously is not material. The injury to the plaintiffs was not direct, but consequential, and both defendants are liable on the same ground, namely, that both were negligent in respect to directing the workmen. Their liability does not rest upon different grounds, as in the case of *Parsons* v. *Winchell*, 5 Cush. 592, where the servant was liable

for nis own act, and the master was liable because he had negli gently employed a careless servant. In this case the defendants are jointly liable. *Judgment for the plaintiffs.*