GRIFFIN *v.* JACKSON LIGHT & POWER CO.

1. NEGLIGENCE—PRIVITY OF PARTIES—INJURY TO THIRD PERSON.
   As a general rule, one who lets property for use, like one who sells it, is not responsible to third persons for injuries sustained by reason of a defect therein.

2. SAME—DANGEROUS SUBSTANCES—PROXIMATE CAUSE.
   While an exception to this rule may exist in cases involving dangerous substances, such exception is conditioned on there having been no intervening human agency which might have prevented the injury.

3. SAME—ELECTRICITY.
   Whether an electric current of 113 volts may be regarded as a dangerous substance, within the meaning of the exception, —*quære.*

4. SAME.
   Where an electric company places a lamp in the place of business of a customer, which lamp is known by such customer to be improperly insulated, and by reason of which defective insulation a third person, in the course of his duties, is injured, the use of the lamp, in its defective condition, by such customer, is such an intervention of another agency between the company's neglect and the person's injury as to save the company from liability, conceding that it could otherwise be held responsible.

Error to Jackson; Peck, J. Submitted October 22, 1901. Decided November 12, 1901.

Case by Michael Griffin against the Jackson Light & Power Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Wilson & Cobb,* for appellant.

*Charles A. Blair* and *Richard Price,* for appellee.

MONTGOMERY, C. J. The plaintiff brings this action to recover for a negligent injury. The facts, as they

appear by the testimony, are that the plaintiff was in the employ of the Schlitz Brewing Company, engaged in delivering beer to its customers. One Wright Calkins was a customer of the brewing company. On his premises, and in the cellarway through which plaintiff passed in delivering the beer, was an electric light, attached to a movable wire, supplied with a brass or metal handle or hanger, by which it was hung upon a nail in the cellarway. The wire connecting therewith passed through a hole in the lower end of the handle, thence to the carbon film in the bulb. It was claimed that it was necessary in using the light, and customary, to take hold of the handle or hanger. The breach of duty alleged is that the defendant failed to insulate the wire and handle to the fixture properly. It appears by the testimony of Calkins that the handle had formerly had a kind of cement wrapper on, but, in carrying it through the cellar, it would get loose and drop off, and that it was off at the time of the accident; that, some two or three weeks before the accident, an agent of the defendant put in a new wire, but did not put any cement or wrapping on at that time; that the agent of the defendant was notified that the wrapper to the handle was off, and that he (Calkins) wanted a new one put on, and that the agent promised to fix it, but that it never was fixed prior to the accident. Plaintiff recovered a judgment for injuries sustained, and the defendant brings error.

The principal contention of defendant is that, upon this state of facts, it does not appear that there was any such privity between the plaintiff and the defendant as entitles the plaintiff to recover for the defendant's neglect; that whatever duty the defendant owed it owed to Calkins; and that third parties injured by reason of this neglect of duty are not entitled to recover against the defendant. There was evidence tending to show that the defendant was the owner of this fixture, but this does not determine the question of liability. In the leading case of *Winterbottom* v. *Wright*, 10 Mees. & W. 109, the defendant

was the owner of the mail coach supplied, and it was also his duty to keep it in repair; and it may be stated as a general rule that one who lets property for use, like one who sells it, is not responsible to third parties injured by reason of a defect in the article or property let or sold. See *Necker* v. *Harvey*, 49 Mich. 517 (14 N. W. 503); *Fowles* v. *Briggs*, 116 Mich., at page 428 (74 N. W. 1046, 40 L. R. A. 530, 72 Am. St. Rep. 539), and cases cited. In *Fowles* v. *Briggs* it was said that the only apparent exceptions to this rule were where the fault consisted of defendant failing to keep his premises in a suitable and safe condition, or where the defendant had reserved the right to direct the manner of the work or undertaken to supply the instrumentalities, or where the shipper of a dangerous substance, the character of which was not made known to the carrier, had been held liable. If it be suggested that this case comes within the latter class of cases, namely, where the defendant is dealing with a dangerous substance, the limitation of the rule, as we understand it, is that there shall be no intervening human agency which might have arrested the injury or furnished protection. This is well illustrated in the case of *Carter* v. *Towne*, 103 Mass. 507, where gunpowder was sold to a boy 8 years of age, and it was, of course, conceded that the defendant was responsible for the injury likely to occur from the explosion of this dangerous substance. But it appeared that, after the sale, the boy had carried home the gunpowder, and put it in the custody of his parents, and that a part of it had been fired off by him, with their permission, before the explosion occurred by which he was injured. It was held that the sale of the gunpowder to the boy was not, therefore, a direct, proximate, or efficient cause of the injury.

So, in the present case, it appears that Calkins knew of the necessity of a protection for the lamp, and, whatever may be said of the failure of duty on the part of defendant to him, he saw fit to make use of it in its imperfect condition, and this must be held to be the intervention of an-

other agency between the defendant's neglect and the plaintiff's injury. Of the cases cited by plaintiff's counsel, none of them militate against the rule which we think must govern the present case. See *Reagan* v. *Electric-Light Co.*, 167 Mass. 406 (45 N. E. 743); *Atlanta, etc., R. Co.* v. *Owings*, 97 Ga. 663 (25 S. E. 377, 33 L. R. A. 798); and *Ahern* v. *Telephone Co.*, 24 Or. 276 (33 Pac. 403, 22 L. R. A. 635). In each of these cases the fault was a fault of the defendant's system, wholly under its own control, and with which no person other than the defendant had authority to interfere in any manner whatever. But such is not the present case.

Whether we may deem electricity, in the voltage used by the defendant, a dangerous substance, within the meaning of the rule that one transmitting such dangerous substance shall be held liable, where there is no intervening person charged with any duty connected with it, who has knowledge of its dangerous character, in a case presenting facts involving that principle, we need not here decide, as we think that, upon the ground stated, the verdict should have been directed for the defendant.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.