My conclusion is that the objection of the defendant that Justice Burr had no jurisdiction to try the action was well taken, and for that reason the judgment appealed from should be reversed, with costs. All concur.

(99 App. Div. 152)

## PAIGE v. DEMPSEY.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. NEGLIGENT BLASTING—PARTIES—PARTICIPANTS.

Where defendant assisted to carry out a contract made by his son, much as a foreman might have done, and for that purpose loaned his tools, gave his time, conversed with the help, and at times gave orders to the men, but there was no evidence that he personally directed the loading of the holes or explosion of the dynamite which injured plaintiff, defendant was not liable as a superintendent or assistant directly participating in the negligent use of the explosives.

2. SAME—PRINCIPAL CONTRACTOR—EVIDENCE.

In a suit to restrain the negligent explosion of dynamite near plaintiff's property, evidence *held* to require a finding that defendant's son, and not defendant, was the contractor engaged in the blasting.

3. SAME.

In a suit to restrain certain negligent blasting operations, evidence of the written contract therefor executed by defendant's son, and the permit executed to him by the city, were admissible to show that he, rather than the defendant, was the original contractor engaged in such operations.

4. SAME—APPEAL—EQUITY—FINDINGS—REVIEW.

The findings of the trial judge in an equity suit will not be disturbed on appeal where they are not against a clear preponderance or weight of evidence.

McLaughlin and Patterson, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Cornelia B. Paige against James Dempsey. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

The action was brought in equity to restrain the defendant, James Dempsey, from carelessly blasting rock upon land contiguous to plaintiff's property, and to recover damages from him for injuries to her property caused by such negligent blasting. The complaint recites that James Dempsey is a contractor engaged in blasting rock from the land in question, and that he and his servants have been negligent in such work, causing the injury mentioned. The evidence shows that there was negligent blasting, and that the plaintiff's property was severely injured thereby. The defendant, however, denied that he was the contractor, or in any way responsible for the damage inflicted. It was testified that the defendant, as he himself admitted upon being called as plaintiff's witness, was almost daily upon the work; that he directed and gave orders to the workmen, and his orders were obeyed; that his name was on the tool box, and he personally owned most of the tools used, and also the drills and boiler on the premises; that he had been seen to charge holes with dynamite; that he received and receipted, as contractor, for moneys, and cashed checks for work done, and deposited the money in his own bank account, from which the expenses were paid; that he never made an accounting to his son; that he admitted to others that he was the contractor, and permitted himself to be introduced after the injurious blasting as the contractor who was doing the work. The defendant denied that he had any part in making the contract, or that he received profits therefrom or compensa-

¶ 4. See Appeal and Error, vol. 3, Cent. Dig. §§ 3970, 3971, 3974.

tion for what he did, and testified that, on the contrary, he loaned money to his son for the expenses of the work, and hence handled the money received. The defendant offered in evidence a written contract for the excavation work, entered into between Thomas Burns, who had contracted with the owners of the land for the erection of the building, and William J. Dempsey, the defendant's son. This paper and a written application made by William J. Dempsey, as contractor, to the inspector of combustibles of the fire department, for a permit to keep and use explosives upon the premises, a bond of indemnity in the sum of $5,000 which William J. Dempsey made for "loss, damage or injury to persons or property from the use or keeping of such explosives," and the written permit issued by the fire department to "William J. Dempsey, Contractor," were admitted in evidence over the plaintiff's objection and exception. The conclusion of the Special Term upon the evidence was that the defendant could not be held liable, and from the judgment accordingly entered, dismissing the complaint upon the merits, the plaintiff appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Alexander Thain, for appellant.

T. H. Tyng, for respondent.

O'BRIEN, J. The single question presented for our determination is whether the defendant was liable for the damages caused to plaintiff's building by the negligent blasting. Upon one of two theories he would be liable—either that he was the contractor engaged in blasting, or else, as superintendent or assistant, he directly participated in the negligent use of the explosives which injured the plaintiff's building. Upon the latter theory, the defendant, whoever may have been the responsible contractor, would be liable as a joint tort feasor. The difficulty, however, in holding the defendant liable upon this theory, is the lack of evidence to support it. It does appear that the defendant, much as a superintendent, overseer, or foreman might have done, was on the work, engaged in assisting to carry out the contract, and for that purpose he loaned his tools and gave up considerable of his time; was seen conversing with the help, at times gave orders to the men, and had charged holes with dynamite. But with respect to the blast which did the injury, there is no evidence from which the inference can be drawn that he personally directed the amount of dynamite to be used, or participated in placing it in the holes, or took part in exploding it. If liable at all, therefore, it must be upon the theory that he was the real and responsible contractor on the work; and, from the form of the complaint, as well as from the evidence introduced, we assume that this is the theory upon which the plaintiff principally relied.

There is no serious dispute about the facts; the principal evidence being given by the defendant, who was called as a witness for plaintiff. There was, as stated, proof that he attended upon the work nearly every day, and, to an extent, supervised the workmen there employed, and also that the steam boiler, drills, and most of the tools belonged to him. In addition, it appears that moneys received from the work went into his bank account, and that therefrom sums were taken to pay the men. The defendant testified, however, that he was only occasionally on the work, and that he loaned his son the money to pay his men on the job, for which he obtained no compensation, never having received a dollar in connection with the contract, except such amounts as were paid

to him out of the moneys due upon the contract, part of which he received directly from the owners of the lots, and for which he receipted as contractor. It was testified by others, also, that he permitted himself to be introduced as contractor, and stated that he was such.

Were there nothing in the case but this evidence, then undoubtedly there would be a sufficient basis for the inference that the defendant was the responsible contractor. There is, however, other evidence, for it appears that the written contract to do the work was made by Burns with the defendant's son, William J. Dempsey, who made the application to the bureau of combustibles for the permit to proceed with the blasting, and who filed a bond of indemnity in the sum of $5,000, conditioned for the payment for any loss, damage, or injury resulting to person or property by reason of handling the explosives, and that the permit itself was issued to "William J. Dempsey, Contractor." In addition, we have the defendant's testimony that he did not know that his son had taken the contract until after it was executed, that he had never had any conversation with Mr. Burns about this contract before it was made, and that he had no pecuniary interest in it whatever. The fact that, subsequent to the making of the contract by the defendant's son with Burns, the defendant took an active interest in it, and permitted the use of his tools, and at times went upon the work and directed the men, was not unnatural, in view of the relations between the parties, and the interest which the father, who was more experienced, would take in the successful prosecution of his son's contract. In the face of this written evidence, we do not think the contention can be supported that the son, and not the defendant, was the legal and responsible contractor upon the work, nor that, if the son were sued, he could shield himself from liability behind his father.

No doubt, the plaintiff was misled by appearances as to who was the responsible contractor, yet, as the contract was in writing, as was the application for the permit and the bond of indemnity, an examination of these, or at least of the permit itself, which was easily obtainable, or inquiry from the parties, would have disclosed who was directly responsible as contractor. We think, therefore, that in view of the evidence as to the one who procured the contract, and who was legally responsible for the execution of the work, it would be going further than the authorities would justify to hold that, upon the theory of a contractual obligation, the defendant was liable for the injury to plaintiff's building.

We have not overlooked the fact that objection was made to the introduction in evidence of the written contract and the permit, but we think the learned judge was right in overruling the objection. These papers were competent and material, as tending to show who was the actual contractor upon the work.

It should be remembered that this is a suit in equity for an injunction and damages, and the most favorable view of the evidence for the plaintiff would be to hold that, upon the disputed question of who was the real contractor, the conflict was to be determined by the trial judge as one of fact, and not as one of law. It is therefore unnecessary for us to hold, as matter of law, that the defendant was not liable as contractor, because, viewed as a question of fact presented upon conflicting evi-

dence, it was for the learned trial judge to determine this question of fact, which, as shown by his finding, he has done, in favor of plaintiff. This finding not being against the clear preponderance or weight of evidence, we should not disturb it.

We think that the judgment appealed from should accordingly be affirmed, with costs.

VAN BRUNT, P. J., and LAUGHLIN, J., concur.

McLAUGHLIN, J. (dissenting). The plaintiff owns certain premises in the city of New York, which were injured by blasting done on premises adjoining. She brought this action to restrain the defendant from continuing the acts which had injured her property, and incidentally to recover the damages theretofore sustained. The complaint alleged that the defendant was a contractor engaged in removing rock from the adjacent premises, and, by reason of the reckless and negligent manner in which he was doing the work, plaintiff had been damaged. The judgment demanded was that the defendant be enjoined from continuing his unlawful acts and for damages. The answer was substantially a general denial. It appeared that after the commencement of the action an injunction pendente lite was obtained, and thereupon the acts complained of ceased. Nevertheless the action was retained for the purpose of determining defendant's liability and plaintiff's damage, and the case was tried by consent at the Special Term. At the trial, plaintiff gave proof tending to show that she had sustained substantial damage, caused by the negligent prosecution of the work on the adjacent lot. This proof was not contradicted by the defendant. Nevertheless the complaint was dismissed upon the ground that "the wrong Dempsey has been made defendant"—in other words, that the defendant's son, and not the defendant himself, was the contractor under whom the blasting was done.

The judgment appealed from cannot be sustained. If it be conceded that the contract to do the excavating upon the adjoining lot was in fact in the name of the defendant's son, under the proof presented it does not aid the defendant or shield him from liability. The allegation in the complaint that the defendant was the contractor is immaterial. The material part of it is that the plaintiff's property had been injured by the unlawful acts of the defendant. If this was true, then the plaintiff was entitled to recover, irrespective of the capacity in which he acted. I take it, no one would seriously contend but that a superintendent, a day laborer, or a mere volunteer, who negligently used or procured others to use high explosives, and thereby injured the adjacent property of another, would be liable to respond in damages to such other person; and, if all of them participated in such unlawful acts, they would be jointly or severally liable for the wrong. Hawkesworth v. Thompson, 98 Mass. 77, 93 Am. Dec. 137; Wright v. Wilcox, 19 Wend. 343, 32 Am. Dec. 507; Murray v. Usher, 117 N. Y. 542, 23 N. E. 564; Phelps v. Wait, 30 N. Y. 78.

A fair consideration of defendant's own testimony shows that he was the superintendent; that he took charge of the work, and directed what was done for his son. If this be true, then he was liable

under the authorities above cited, and every principle of law of which I am aware, applicable to the subject. The defendant was not only the superintendent, but the uncontradicted proof shows that, while not the contractor in name, he was so in fact. He furnished all the tools and appliances with which the work was done, furnished all the money to pay the men employed, and received from the person with whom the contract was made the contract price, which was put into his bank account. He had never had any accounting with the son as to the amounts received or paid out, and did not know whether he had ever kept any books of account between himself and son, or whether or not he owed the son anything. The son was unmarried, lived with the father, and did not attend as a witness, though subpœnaed by the plaintiff. There is nothing to connect the son with the work, outside of the fact that the contract was in his name, as were also the applications to the bureau of combustibles for a permit to proceed with the blasting, a bond of indemnity in connection therewith, and the permit therefor. The proof fairly showed that the defendant not only took charge of the work and directed what was done, but was also the real contractor, and findings to the contrary are against evidence.

Upon both grounds, therefore, I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, J., concurs.