CLEMENT *v.* CROSBY & CO.

1. NEGLIGENCE — CONCURRING NEGLIGENCE — DANGEROUS SUBSTANCES—SALE—MANUFACTURER AND RETAILER—JOINT LIABILITY.

    Where a manufacturer knowingly places upon the market a highly dangerous article which contains no intrinsic evidence of its dangerous character, without notice, by label or otherwise, of its dangerous character, he is liable in damages to a purchaser injured by it, though such purchaser bought from a retailer who had full knowledge of its character and sold it without warning; and in such case both manufacturer and retailer are liable jointly and severally.[1]

---

[1] As to liability of manufacturer to person injured by article dangerous to life, in the absence of any privity of contract, see note to *Watson* v. *Augusta Brewing Co.* (Ga.), 1 L. R. A (N. S.) 1178.

As to liability of manufacturer for defective tool, see note to *Kuelling* v. *Roderick Lean Manfg. Co.* (N. Y.), 2 L. R. A. (N. S.) 303.

2. SAME—DECLARATION—SUFFICIENCY.

In an action against the manufacturer of an explosive and inflammable stove polish for injuries to a purchaser, an allegation that it was the duty of defendant to know the properties of the article put upon the market by it as stove polish, and that it should not manufacture and sell dangerous and highly inflammable substances of such a composition and character as to be liable to ignite, explode, or spontaneously burn, and not to deceitfully withhold information of such dangers from the public, is a sufficient allegation of defendant's duty, though it does not allege that all of defendant's product was of that character.

3. SAME—SCIENTER.

The allegation of deceitful and artful withholding of knowledge from the public sufficiently charges knowledge on defendant's part of the dangerous character of its product, if a scienter be necessary.

4. SAME—LACK OF WARNING.

The allegation that defendant deceitfully and willfully concealed from the public the dangerous elements and properties of its product, and that plaintiff purchased same without warning, i. e., from either the retailer or the manufacturer, sufficiently charges want of warning from the manufacturer, and amounts to a charge of fraudulently putting upon the market.

Certiorari to Wayne; Murphy, J. Submitted April 15, 1907. (Docket No. 89). Decided April 30, 1907.

Case by Alice D. Clement against Crosby & Company and Arthur O. G. Rommeck for personal injuries. There was an order overruling a demurrer as to defendant Crosby & Company, and it brings certiorari. Affirmed.

*A. W. Wier*, for appellant.

*James H. Pound*, for appellee.

HOOKER, J. The plaintiff brought an action to recover damages for a personal injury, received by her through burning, occasioned by the inflammable nature of a compound that she was using to polish a gas range. The defendants are the manufacturer of the compound, Crosby

& Co., a corporation, and ' one Arthur O. G. Rommeck, a retailer, and the declaration states .that she was led to purchase from the latter through her agent, and to use it by reason of the invitation, solicitation, and representations of the defendant Crosby & Co., it being sold without notice or warning of its dangerous nature.

The defendants demurred to the declaration, stating the following grounds:

1. A misjoinder of causes of action.
2. A misjoinder of defendants.
3. A failure to state a cause of action against Crosby & Co.

The circuit judge overruled the demurrer of Crosby & Co., but sustained that of Rommeck. Crosby & Co. has removed the cause to this court by certiorari under the statute, Act No. 310, Pub. Acts 1905. ⌈ It is obvious that this is a charge of concurring negligence of two persons, and that the separate act of each was a contributing cause to the injury. If the manufacturer is justly chargeable with knowingly making and putting upon the market a highly dangerous article, which did not contain intrinsic evidence of its dangerous character, without notice by label or otherwise of its dangerous character, he failed in his duty to such persons as should purchase it, and any person injured by it might have a cause of action against him, although he purchased it from a third party or retailer. The fact that he did so buy it would be no defense to the manufacturer, even if the retailer had full knowledge of the dangerous nature of the article, and sold it without warning. In such a case an action would lie against both jointly, or separate actions might be brought, and, if the only point raised by the demurrer was that these acts being separate this was a case of a misjoinder of actions and parties, we should be compelled to overrule the demurrer.⌉ *Churchill* v. *Holt,* 127 Mass. 165; *Bryant* v. *Bigelow Carpet Co.,* 131 Mass. 503; *Hawkesworth* v. *Thompson,* 98 Mass. 77; *Colegrove* v. *Rail-*

*road Co.*, 20 N. Y. 492; *Chipman* v. *Palmer*, 77 N. Y. 51; *Slater* v. *Mersereau*, 64 N. Y. 147; *Masterson* v. *Railroad Co.*, 84 N. Y. 256; *Boyd* v. *Watt*, 27 Ohio St. 268; *Matthews* v. *Railroad Co.*, 56 N. J. Law, 35 (22 L. R. A. 261).

The circuit judge has held that the declaration does not state a cause of action against Rommeck, and that question is not before us. Does it state a cause of action against Crosby & Co.? The declaration states that the plaintiff bought from Rommeck some stove polish without any warning of its dangerous nature, that it was manufactured and put upon the market by defendant Crosby & Co. as a stove polish, and that—

"It was and then and there became the duty of the defendants and each of them to know the property and properties of the goods manufactured and sold by them, and that they should not manufacture and sell both or either of them dangerous and highly inflammable substances of such a composition and character as to be liable to ignite, catch fire, explode, and spontaneously to burn, and thereby to bring pain, suffering, and injury upon and to persons innocently and properly using the same, who are ignorant of the constituent parts of said product which was and is artfully and deceitfully kept from the knowledge of the purchasing public, as well as the dangers or risks of the use of said compound product and composition, 6–5–4, so furnished to plaintiff by and through the instrumentality of the defendants."

We are of the opinion that the statement that it was the duty of Crosby & Co. to know the property and properties of an article manufactured, and put upon the market by it, as a stove polish, and that it should not manufacture and sell dangerous and highly inflammable substance of such a composition and character as to be liable to ignite, explode or spontaneously burn, and not to deceitfully withhold information of such dangers from the public, is a sufficient allegation of defendant's duty, although it does not allege that defendant's product was all of that character. There are authorities that hold that one who

carelessly places upon the market a dangerous article may be chargeable with negligence to third persons as in case of poisons. *Barney* v. *Burstenbinder*, 7 Lans. (N. Y.) 210; *Davis* v. *Guarnieri*, 45 Ohio St. 470; *Hall* v. *Rankin*, 87 Iowa, 261. And in case of a dangerous machine. *Schubert* v. *J. R. Clark Co.*, 49 Minn. 331 (15 L. R. A. 818, 45 Alb. Law J. 497); *Carter* v. *Towne*, 98 Mass. 567; *Wellington* v. *Oil Co.*, 104 Mass. 64. See 1 Thompson on Negligence, § 821; *Elkins, Bly & Co.* v. *McKean*, 79 Pa. 493, 502. *George* v. *Skivington*, L. R. 5 Exch. 1.

This declaration might charge some of these things more positively, but, even if a scienter be necessary (which we do not determine), it is necessarily implied by the allegation of deceitful and artful withholding of knowledge from the public.

As to want of warning from Crosby & Co., the allegation substantially amounts to such a charge. It states the manufacture of a dangerous compound, and placing it upon the market, at the same time *deceitfully* and *willfully* concealing from the public its dangerous elements and properties; that these are such as to make it liable to spontaneous combustion, explosion, etc.; that plaintiff purchased the same without any warning—i. e., from either defendant. This is to be taken in connection with the charge of concealment. It amounts to a charge of fraudulent putting upon the market within the rule stated by defendant's counsel:

"A manufacturer can become liable to subsequent purchasers who do not stand in relations of privity with him, in two cases only, to wit: (*a*) When the manufacturer, with the actual knowledge of defects in his product, willfully and fraudulently places same on the market. (*b*) When the article sold is one which is per se dangerous to human life."

We are of the opinion that this declaration contains, in substance, the essential allegations of a cause of action, and that the order of the learned circuit judge should not be reversed. In saying this, we do not say whether this

article is one which was per se dangerous. It is enough that the declaration alleges that it was dangerous. If not dangerous per se, the question is open to proof.

The order is affirmed.

MCALVAY, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.