# HERMAN KRAHN v. J. L. OWENS COMPANY.[1]

February 20, 1914.

Nos. 18,399—(224).

**Facts of case.**

1. Defendant manufactures bean and pea threshers. It sold an outfit to a firm of threshermen, who engaged to thresh for plaintiff, a farmer. Plaintiff, after cleaning up about the machine, got on top of the separator to throw the remnants into the feeder. While so engaged a board broke and his foot caught in a cylinder.

**Dangerous machine — liability of maker to others than vendee — condition to recovery.**

2. One who manufactures and sells an article not ordinarily of a dangerous nature, which is calculated for use by others than the vendee, may be liable to a person not the vendee, who uses the article in the usual course of business, for injuries due to defects which render the use of the article dangerous to life or limb.

The conditions necessary to a recovery, as applied to this case, are:

That the board was so defective as to be dangerous to life and limb.

That defendant knew of the defect when it sold the machine, or at least ought to have known it.

That the defect was the proximate cause of the injury.

That the defect was concealed to such an extent that ordinary observation on the part of plaintiff would not discover it.

That the board was intended for the purpose for which it was being used, and that plaintiff was one of the class of persons by whom it was contemplated the article would be used.

**Evidence of custom — foundation — question for trial judge.**

3. The question whether sufficient foundation has been laid to enable a witness to testify as to a custom, is a matter which the trial judge must, in the exercise of a sound discretion, pass upon as a question of fact, and his decision ought not to be reversed, except in a very clear and strong case.

[1]Reported in 145 N. W. 626.

Note. — On the question of the liability to third person of manufacturer of dangerously defective machine, see notes in 2 L.R.A.(N.S.) 303 and 5 L.R.A. (N.S.) 1103.

125 M.—3.

**Charge to jury.**

> 4. The trial court properly refused to single out particular witnesses and to charge particularly as to matters bearing upon their credibility. Other rulings upon requests to charge present no reversible error.

**Excessive damages.**

> 5. The damages are excessive.

Action in the district court for Hennepin county to recover $20,150 for injury received by plaintiff while working upon a bean and pea thresher manufactured by defendant. The answer alleged that, if plaintiff was injured, his injuries were caused by his own contributory negligence and not by the negligence of defendant. The case was tried before Dickinson, J., who, when plaintiff rested, denied defendant's motion to dismiss the action and at the close of the trial defendant's motion for a directed verdict, and a jury which returned a verdict of $15,000 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. New trial granted unless plaintiff consented to a reduction of the verdict to $12,000. Order affirmed in other respects.

*Lind, Ueland & Jerome,* for appellant.

*L. K. Eaton, Walter D. Corrigan, Henry Mahoney* and *Walter L. Gold,* for respondent.

HALLAM, J.

1. Defendant manufactures self-feeding bean and pea threshers. On August 8, 1910, it sold one of its outfits to Murphy & Hughes, in Wisconsin. The separator of this thresher looks much like the separator of an ordinary grain thresher and operates upon similar principles. It is fed at the front. The feed table stands four feet seven inches from the ground. Just back of the feed table is a raised hood or cap. Within this are two knife-cylinders with interlocking knives. Just back of this hood or cap and directly above the rear part of the cylinder is a removable board, nine inches wide, extending across the machine, resting upon bearings at the ends, and held in place by a cleat at each end. The board is removable to permit of access to the cylinders when they become clogged. The top of

this board is painted red, the bottom is unpainted. Plaintiff is a Wisconsin farmer. On September 22, 1910, he engaged Murphy & Hughes to thresh peas on his farm. As the job was about finished the crew gathered up the loose remnants about the machine and put them in bags. Plaintiff climbed on top of the machine to empty these bags into the feeder, standing as he did so upon the removable board, and reaching over the hood or cap. While so engaged this board broke, his left foot came into contact with the knives and amputation became necessary. Plaintiff had a verdict for $15,000.

2. There was no contractual relation between plaintiff and defendant. But it is well-settled that there may be liability for personal injury independent of any contractual relation. A duty with respect to instrumentalities delivered under contract may exist towards others than the contracting parties. One who manufactures and sells an article not ordinarily of a dangerous nature, which is calculated for use by others than the vendee, may be liable to a person not the vendee, who uses it in the usual course of business, for injuries due to defects which render the use of the article dangerous to life or limb. Schubert v. J. R. Clark Co. 49 Minn. 331, 51 N. W. 1103, 15 L.R.A. 818, 32 Am. St. 559; O'Brien v. American Bridge Co. 110 Minn. 364, 125 N. W. 1012, 32 L.R.A.(N.S.) 980, 136 Am. St. 503.

The conditions necessary to a recovery, as applied to this case, are as follows:

It must appear that the board was so defective as to be dangerous to life or limb. There was ample proof that it was defective. Several of defendant's witnesses admitted it. One portion of the broken board, the longer end, was exhibited to the jury and to this court. The board was cross-grained and unfit for use in any place where it was required to bear a man's weight. Its position, over a knife cylinder, was such that the consequence of a man's breaking through was necessarily extremely dangerous. It must appear that the defendant knew of the defect when it sold the separator, or at least that it ought to have known of it. Many cases hold that actual knowledge is necessary, and that the action is in effect one sounding in deceit, and not in negligence. Heizer v. Kingsland & Douglass Mfg.

Co. 110 Mo. 605, 19 S. W. 630, 15 L.R.A. 821, 32 Am. St. 482; Bragdon v. Perkins-Campbell Co. 87 Fed. 109, 30 C. C. A. 567, 66 L.R.A. 924; Curtin v. Somerset, 140 Pa. St. 70, 20 Atl. 244, 12 L.R.A. 322, 23 Am. St. 220; Kuelling v. Lean Mfg. Co. 183 N. Y. 78, 75 N. E. 1098, 2 L.R.A.(N.S.) 303, and note, 111 Am. St. 691, 5 Ann. Cas. 124; 1 Thompson, Negligence, § 827. Others hold that mere negligence is sufficient. Watson v. Augusta Brewing Co. 124 Ga. 121, 52 S. E. 152, 1 L.R.A.(N.S.) 1178, 110 Am. St. 157; Clement v. Crosby & Co. 148 Mich. 293, 111 N. W. 745, 10 L.R.A. (N.S.) 588, 12 Ann. Cas. 265; Hasbrouck v. Armour & Co. 139 Wis. 357, 121 N. W. 157, 23 L.R.A.(N.S.) 876; 1 Thompson, Negligence, § 828. It is not necessary in this case to determine whether anything short of actual knowledge on the part of defendant will furnish a basis of liability, for the jury found, in answer to a special question, that defendant did know of the defect at the time of the sale. This finding is amply sustained by the proof. Every board that went into the machine was closely inspected by defendant before it was used. The defect in this board was so obvious that an inspection could not fail to discover it.

It must appear that the breach of duty on the part of defendant was the proximate cause of the accident. Defendant contends that Murphy & Hughes, to whom the separator was sold, had knowledge of the defect before the accident, and that this knowledge on their part made the negligence their own, and broke the sequence of events necessary to make the negligence of the defendant the proximate cause. The jury found that Murphy & Hughes had no such knowledge. This finding is sustained by the evidence. Both Murphy and Hughes so testified. There is no direct evidence to the contrary. This board was very frequently taken up and had they examined the under side they would have observed the defect. But they were under no duty to examine it. The circumstances disclosed by the evidence do not compel a finding that Murphy & Hughes knew of the defect. We do not wish to be understood as holding that knowledge on the part of Murphy & Hughes would relieve defendant from liability. Some cases so hold. Griffin v. Jackson, Light & Power Co. 128 Mich. 653, 87 N. W. 888, 55 L.R.A. 318, 92 Am. St. 496;

others hold to the contrary; see Waters-Pierce Oil Co. v. Deselms, 212 U. S. 159, 179, 29 Sup. Ct. 270, 53 L. ed. 453, and cases cited. That question is not involved here and we do not decide it. It is claimed that the board was not in its proper position, and that this, and not the defect in the board, caused it to break. The jury found that the board was in place. The evidence sustains this finding. The only direct evidence is to this effect. Defendant contends that the appearance of the remnants of the board, together with other circumstances, compels the inference that the board was out of place and that it slipped into the cylinder before it broke. We have examined the evidence with care and are unable to arrive at the conclusion.

It must appear that the defect was concealed to such an extent that ordinary observation on the part of plaintiff would not discover it. Schubert v. J. R. Clark Co. 49 Minn. 331, 51 N. W. 1103, 15 L.R.A. 818, 32 Am. St. 559. This defect was concealed by paint so that a careful examination of it from the outside would not disclose it. Only by turning the board over could the defect be seen. To all intents and purposes it was a concealed defect.

It must appear that the board was intended for the purpose for which it was being used. The evidence is quite decisive that men necessarily stand and walk on top of these separators when not in operation, in driving from place to place, and in cleaning out the cylinders. There is also ample evidence that one of the operators of the thresher was necessarily often on top of the machine when it was in operation, going upon every part of the top from end to end, adjusting belts, oiling the bearings, and watching the work of the men. This, however, is not enough.

It must appear that plaintiff was one of the class of persons by whom defendant contemplated the board would be used. Otherwise defendant would owe him no duty. Negligence presupposes a duty to exercise care toward the person complaining. If defendant owed plaintiff no duty of care, there was no negligence of which plaintiff could complain. O'Brien v. American Bridge Co. 110 Minn. 364, 125 N. W. 1012, 32 L.R.A.(N.S.) 980, 136 Am. St. 503. We are of the opinion that the evidence amply shows that the work that

plaintiff was doing brought him within the class of persons by whom it was contemplated this board would be used. The process of cleaning up was necessary. The loose stuff so cleaned up could not be pitched into the feeder with a fork. It was necessary to use bags or baskets. The feeder was too high to make it convenient to empty bags or baskets into it from the ground. It is claimed that they could be emptied into a repeat elevator which catches the unthreshed pods that go over the sieve and carries them back to the cylinder again. Plaintiff's witnesses, however, testify that this is not practicable. There is also evidence that the manner in which plaintiff was doing this work was customary in the operation of such machines and that the custom was so common that defendant's knowledge of it may be presumed. The jury might fairly find that plaintiff was doing a necessary part of the work in a reasonable, practicable and customary way, and that he was one of the class of persons by whom it was contemplated the board should be used.

We are of the opinion that by reason of the foregoing facts the question of defendant's liability to plaintiff was one for the jury to determine.

3. Defendant assigns some errors in law. The court permitted plaintiff to give evidence that he was following a customary method of work at the time he was injured. This is assigned as error, the alleged ground of error being that plaintiff had not shown sufficient knowledge of the method of operation of a bean and pea thresher to render him competent to testify on this subject. Plaintiff had never worked about a bean and pea thresher before. He had, however, worked for years about a grain thresher. We do not regard the admission of this evidence as reversible error. The qualification of the witness to testify in such a case is a matter which the trial judge must, in the exercise of a sound discretion, pass upon as a matter of fact, and his decision ought not to be reversed except in a very clear and strong case. Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842; Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564. In view of the similarity between grain threshers and bean and pea threshers, we do not consider that the court abused its discretion in receiving plaintiff's testimony.

4. Defendant requested the court to charge the jury that in determining the weight to be given to the testimony of Murphy & Hughes, it was proper to take into consideration their interest in the outcome, and more specifically that an admission by them of their knowledge of the defective condition of the board might render themselves liable to plaintiff for his injuries. The court refused this request, but charged fully and correctly as to the credibility of the witnesses generally and as to the consideration to be given to their interest in the outcome of the case. This was sufficient. The practice of singling out a particular witness and charging specifically as to his interest in the case has often been disapproved by this court on the ground that it gives undue prominence to his testimony and tends to discredit it. The request to charge was properly refused. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003; Kerling v. G. W. Van Dusen & Co. 109 Minn. 481, 124 N. W. 235, 372.

Defendant assigns as error the refusal of the court to give its request to instruct the jury that, if plaintiff was not one of the class of persons who were contemplated as likely to go upon the separator when in operation, he could not recover. The request was proper enough, but the court fully covered the subject by the instructions in fact given.

5. We are constrained to hold that the damages are excessive. In view of the age of plaintiff, 48 years old, we have decided, with some hesitation, that a new trial should be granted unless plaintiff shall, within 20 days after filing of a remittitur, consent to a reduction of the amount of the verdict to $12,000. In all other particulars the order appealed from is affirmed.

So ordered.