## The Princeton Light and Power Company *v.* Ballard, Administrator.

### [No. 8,663. Filed June 23, 1915.[

1. Appeal.—*Review.*—*Verdict.*—*Conclusiveness.*—Where a verdict is rendered on conflicting evidence, it is conclusive if there was no error in the giving or refusing of instructions. p. 347.
2. Electricity.—*Transmission of Electric Current.*—*Liability for Injuries.*—Where the furnisher of electricity supplies the same to a customer first through its own wires and then through wires owned and maintained by the customer, and over which the furnisher has no supervision or control, he is not liable for injuries resulting from the negligent manner in which the customer's wires are equipped and maintained. p. 347.
3. Electricity.—*Transmission of Electric Current.*—*Liability for Injuries.*—*Evidence.*—*Instructions.*—In an action against an electric company for the death of an employe in a railroad shop, to which electric current was supplied by defendant, where the evidence was conflicting as to whether the wires in said shop, alleged to have been negligently maintained, were owned and controlled by defendant, or were owned by and under the immediate care and supervision of decedent's employer, the court erred in refusing instructions advising the jury that defendant was not liable if it was found that such wires were owned and controlled by decedent's employer and that it was no part of defendant's duty to keep same in repair. p. 347.

From Knox Circuit Court; *Orlando H. Cobb,* Judge.

Action by James H. Ballard, administrator of the estate of Henry Rowe, deceased, against The Princeton Light and Power Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John W. Brady,* for appellant.

*R. W. Armstrong* and *T. W. Cullen,* for appellee.

Ibach, P. J.—Action in tort by appellee to recover damages for the death of his decedent, alleged to have been

caused by appellant's neglect. The material allegations of the complaint are substantially as follows: 'That on October 27, 1904, appellant operated an electric lighting plant, and furnished and distributed electricity therefrom for lighting at the shops of the Southern Railway Company where Henry Rowe was then working for that company; that appellant furnished and distributed electricity to such shops by means of two wires, one called a primary wire, and one called a secondary wire; that the primary wire then carried 2,200 volts of electricity to a transformer which reduced the voltage to 106 volts and carried the same to the secondary wire, and through it to the place where Henry Rowe was working in the shops, and where an electric wire was suspended from such secondary wire to make light for Henry Rowe while at work; that Henry Rowe tried to turn the electricity from the secondary wire into an electric lamp which hung to such suspended wire, and there received into his body without any fault or negligence of his own 2,200 volts of electricity, because the primary and secondary wires crossed one another so that all the voltage from the primary wire was projected into his body, and appellant then knew and by the exercise of ordinary care could have known of the dangerous voltage passing then and there into such secondary wire; that Henry Rowe died of his injuries and left surviving him as his heirs his parents and brother, to whose support he was contributing at the time of his death.

The issues were closed by the filing of an answer of general denial and an affirmative answer which we need not consider, for it is admitted by appellant that the proof failed to support it. The cause was tried by a jury and a general verdict for appellee was returned, awarding damages in the sum of $1,000. Judgment was rendered on the verdict.

The reversal of the judgment is sought on the ground that the trial court erred in overruling appellant's motion for a new trial. A number of specifications are assigned in the motion, but in view of our determination of the case we need

only consider the specifications which have to do with the giving of certain instructions to the jury and a refusal to give others.   The evidence in the case being conflict-

1.   ing, the appellee would be entitled to retain his judgment if there was no error in refusing to give instructions requested by appellant.   See *Gilbert* v. *Duluth Gen. Elec. Co.* (1904), 93 Minn. 99, 100 N. W. 653, 106 Am. St. 430; *Hebert* v. *Lake Charles Ice, etc., Co* (1903), 111 La. 522, 35 South. 731, 100 Am. St. 505, 64 L. R. A. 101; *Parsons* v. *Charleston, etc., Elec. Co.* (1904), 69 S. C. 305, 48 S. E. 284, 104 Am. St. 800.

The theory of the complaint, manifest from all of its paragraphs, is that appellant owned and controlled the primary and secondary electric light wires which supplied electric light to the railroad shops from its plant and was negligent in allowing a portion of each to become uninsulated, and come in contact with each other, thus transferring the current of 2,200 volts to the wire intended only to carry 106 volts.   A material issue thus presented involved the control and supervision of the electric light wires within the grounds and premises of the railroad company.

It seems to be settled law that where the furnisher of electricity supplies the same to a customer, first through its own wires and then through the wires owned and main-

2.   tained by such customer and over which the furnisher had no supervision or control, and an employe of the purchaser is injured by reason of the negligent manner in which the purchaser's wires are equipped and maintained, the party who merely sells the current is not liable.   1 Joyce, Electricity (2d ed.) §445c; *Fickeisen* v. *Wheeling Elec. Co.* (1910), 67 W. Va. 335, 67 S. E. 788, 27 L. R. A. (N. S.) 893; *Memphis, etc., Elec. Co.* v. *Speers* (1904), 113 Tenn. 83, 81 S. W. 595; *Minneapolis Gen. Elec. Co.* v. *Cronon* (1908), 166 Fed. 651, 92 C. C. A. 345, 20 L. R. A. (N. S.) 816.

3.   There was a sharp conflict in the evidence as to whether the wires in the railroad company's shops

were controlled and maintained by appellant.  There was some evidence that the Southern Railway Company alone owned and controlled all the wires alleged to have become defective, and had them under its immediate care and supervision at the time of decedent's injury and for a long time prior thereto, and that appellant had no right or authority to interfere with the manner in which such railroad company maintained its wires and had no right to inspect them and owed no duty to decedent or any other person to make any inspection of the wires complained of.  Under this state of the evidence, appellant requested three instructions embracing the legal proposition here propounded, but the court refused to give them, and instructions diametrically opposite thereto were given at the request of appellee, covering his theory of the case.  Instruction No. 19 requested by appellant, which is similar in all its essentials to instructions Nos. 18 and 25, also refused, is as follows:  "If you find, from a preponderance of the evidence that the wires alleged in the complaint to have been crossed upon each other were the property of the Southern Railway Company, and in possession of said railway company and in actual charge of an electrician employed by it and assigned to the duty of caring for the wires and other electrical appliances within the shop buildings and grounds of said railway company, and that it was no part of the duty of the defendant to keep in repair said wires alleged as aforesaid, to have been crossed as aforesaid; then in that view of the case, the plaintiff can not recover in this action and your verdict should be for the defendant."

In view of the fact that no other instructions covering the same propositions were given, one of the instructions tendered thereon by appellant should have been given, and it was prejudicial error to refuse to do so.  Judgment reversed.

NOTE.—Reported in 109 N. E. 405.  As to duties and liabilities of electrical corporations, see 100 Am. St. 515.  As to liability of electric company for injury by wire strung by a third person to connect with its system, see 39 L. R. A. (N. S.) 1046.  As to duty

of electric light company with respect to wiring or fixtures installed in private property, see 13 L. R. A. (N. S.) 226; 20 L. R. A. (N. S.) 816; L. R. A. 1915 C 570. See, also, under (1) 3 Cyc. 348; (2) 15 Cyc. 471; (3) 15 Cyc. 480.