PAOL SAGLER, Respondent, *v.* KELLOGG STEAMSHIP CORPORATION, Appellant, and Others, Defendants.

Supreme Court, Appellate Term, Second Department, December 17, 1934.

*Kirlin, Campbell, Hickox, Keating & McGrann* [*N. D. Lamorte* on the brief], for the appellant.

*Louis Rothbard*, for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, and new trial granted. with thirty dollars costs to appellant to abide the event.

This action was brought for personal injuries claimed to have been sustained by plaintiff while working for his own employer in cleaning a tank on a ship owned by defendant company which had, under the contract with plaintiff's employer, agreed to supply a cleansing compound, inherently dangerous, and theretofore not commonly used for such work, and the qualities of which were unknown to plaintiff either from experience or warning from the employer or defendant. The latter sought from chemists a solution which would reduce the cost of cleaning tanks on its ship. Concededly, when the makers delivered the one in question, its dangerous character was disclosed to defendant and the means of protection were specified. The defendant, in turn, made known to plaintiff's employer what it had been advised. There was conflict at the trial as to whether plaintiff, personally, was informed of these matters. That the plaintiff's employer failed to warn adequately and provide protection against the dangers could have been found from the testimony of its own employees called by defendant. There was disagreement as to the part played by defendant while the preparation was being used on its ship. Plaintiff's evidence tended to establish that defendant distributed the preparation without warning and the chief officer on board gave directions for and supervised the cleansing work. Defendant, on the other hand, claimed that, when the preparation was given over to the employer of plaintiff for distribution after the warning to the plaintiff's employer and after a declaration by the chief officer from the deck of its dangerous nature the defendant's connection with the work of cleaning ended.

There were, therefore, two factual situations to be considered by the jury in determining whether the defendant was guilty of negligence. The trial court charged the jury that the defendant owed the duty of giving warning to plaintiff and that warning could be given either by defendant or by the employer. The jury was also told that, if the officer of the ship saw that the protective equipment was not in accordance with the instructions of the maker of the compound, then there was the further duty imposed on the defendant to seek and warn the men that the equipment was not sufficient. To these instructions the defendant duly excepted.

The latter instruction, we believe, placed a burden on the defendant beyond what it owed in either of the fact situations above referred to. The intrinsically dangerous nature of the preparation required warning to be given by defendant. (*Thomas* v. *Winchester*, 6 N. Y. 397.) In the case at bar, the defendant, if its connection with the work ended with supplying the material to plaintiff's employer, owed no greater duty than a vendor. It has been held that when a vendee, at time of delivery, knows, by reason of the custom of a trade, or otherwise, of the dangerous nature of an article purchased, the vendor is relieved from liability for injury to third persons. (*Rosebrock* v. *General Electric Co.*, 236 N. Y. 227; *Genessee County Patrons Fire Relief Assn.* v. *Sonneborn Sons*, 263 id. 463.) Some cases have suggested that the vendee's knowledge of danger will not absolve the vendor for injury to third persons, if it can be foreseen that the vendee will not disclose the danger to others to whom the product, in the contemplation of the parties, might pass. (*Farley* v. *Tower Co.*, 271 Mass. 230; 171 N. E. 639; *Kentucky Independent Oil Co.* v. *Schnitzler*, 208 Ky. 507; 271 S. W. 570; *Clement* v. *Crosby & Co.*, 148 Mich. 293; 111 N. W. 745.)

The language of the opinion in *Genessee County Patrons Fire Relief Assn.* v. *Sonneborn Sons* (*supra*) would indicate that, where knowledge of danger can be acquired by reasonable inspection by the vendee, the vendor might be exonerated.

In view of the actual decision in *Rosebrock* v. *General Electric Co.* (*supra*) it is not necessary now to hold that knowledge reasonably ascertainable by the vendee will save the vendor from damage. But, if custom of trade which vendees are presumed to know legally furnishes the knowledge which relieves the vendor, then actual information supplied by the latter to his vendee should be equal in protecting from liability.

Indeed, it has been held that a vendor may assume, when an agent of the vendee comes for an inherently dangerous commodity, that the vendee has instructed the agent as to the dangers. (*Cooper* v. *Fidelity Development Co.*, 146 App. Div. 637.)

Here we are not dealing with an expected resale in original package. The plaintiff was to receive from his employer, not the original containers, but pails to be filled from such containers, suitable for his work on the tank walls. Under such circumstances, there was nothing to suggest to the defendant, relinquishing control of the product, that its instructions to disclose and protect, admittedly given to the employer, would not be followed. The jury should, therefore, have been instructed, if they found surrender of control of the product to the plaintiff's employer, defendant was not liable. Instead, they were told that defendant owed the duty of

adequately advising plaintiff of the danger, and, if knowledge was obtained that the equipment furnished by the employer was not proper, then defendant owed the further duty of advising plaintiff that the equipment was inadequate. Even if the defendant did not yield control of the product and continued to supervise the work, it did not owe the double duty to adequately instruct as to the danger and then warn after adequate instructions that the equipment furnished by the employer was insufficient.

The obligation of the defendant, if it continued control of the product during the work, was to see that proper instructions reached the plaintiff. Having given such instructions to the employer, it could proceed on the theory that the master would adequately warn plaintiff, the servant, and perform its duty toward him. (*Hooey* v. *Airport Construction Co.*, 253 N. Y. 486.) If defendant's officer in charge had not given and learned that adequate instructions had not been given, or if knowledge of the use of inadequate equipment by the men would have led a reasonable person to inquire if and find plaintiff had not been duly advised, then the duty of personally warning plaintiff was on the defendant; that is, defendant could not rely on the assumption that the master had done his duty when the contrary was known to be the case or knowledge of conditions would have led a reasonable person to inquire and discover that the master had failed in its duty. But, as noted, the jury may, under the charge, have found adequate warning and instructions, yet have held the defendant for failure to tell plaintiff of the inadequacy of protection supplied by the master, even though he had assumed the risk after full advice. There must, therefore, be a new trial.

Present, MacCrate, Lewis and Johnston, JJ.