## FREDERICK NECKER v. ANDREW HARVEY.

*Negligence—Injury from machinery while being tested by the manufacturer.*

| | 49 | 517 |
|---|---|---|
| | 116 | 428 |
| | 49 | 517 |
| | 128 | 655 |
| | 49 | 517 |
| | 135 | ¹ 59 |
| | 49 | 517 |
| | 139 | ¹ 24 |

A third person cannot sue for damages growing out of the mere breach
of a contract between others : *e. g.* the failure to furnish machin-
ery of the strength required by contract does not give the purchaser's
servant a right of action for an injury caused him by a break-down.

A manufacturer who, for the purpose of testing machinery which he has
constructed to sell, is in possession of it, owes to every one who may
meanwhile be in danger from his handling of it or from its construc-
tion, the common-law duty of proper care; the contract being impor-
tant in this respect only as it evidences the degree of care which he
is bound to observe.

The manufacturer of an elevator which had been in use two or three
days sent an employee, at the purchaser's request, to see what was
the matter with it. After taking the car to an upper floor the latter
said to one of the purchasers " Let us load it up," and the purchaser
accordingly directed a servant to assist in the loading. The elevator
fell while being loaded, and the servant was hurt. *Held* that he had
a right of action against the manufacturer, who was in possession
by his employee.

In an action against a manufacturer of an elevator for an injury
received from it while still in his possession, it was objected that the
declaration did not sufficiently show that it was in defendant's poss-
ession. It did aver however that plaintiff went upon it "by com-
mand and at the request of said defendant" and the pleading was
considered sufficient.

Error to the Superior Court of Detroit. Submitted Oct. 18. Decided January 5.

CASE. Defendant brings error. Affirmed.

*John W. McGrath* and *John Atkinson* for appellant. A manufacturer's liability for careless or unskillful construction or for the use of defective materials is only to the purchaser or the person for whom the work was done ; he is not liable for injuries resulting from these defects to third persons after delivery of the article manufactured ; so *held* in the case of a mail coach : *Winterbottom v. Wright* 10 M. & W. 109 ; of a crane : *Blakemore v. Bristol & Ex. Ry.* 8 El. & B. 1035 ; of a lamp : *Longmeid v. Holliday* 6 Exch. 761 ; of a scaffolding : *Heaven v. Pender* 30 W. R. 749 ; of a bridge : *Mayor of Albany v. Cunliff* 2 Comst. 165 ; of a boiler : *Losee v. Clute* 51 N. Y. 494 ; of a flywheel : *Loop v. Litchfield* 42 N. Y. 351 ; of a scaffolding : *Coughtry v. Globe W. Co.* 56 N. Y. 125 ; *Cook v. N. Y. Floating Dry Dock* 1 Hilt. 436 ; of a pier : *Clancy v. Byrne* 56 N. Y. 129 : cases where the injury is the inevitable consequence of the sale are an exception : *Thomas v. Winchester* 6 N. Y. 397.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for appellee. A contractor in possession is liable for injuries occurring to third persons by reason of his negligence or tort, or that of his employees : 1 Thomp. Neg. 112 ; *Rochester v. Montgomery* 72 N. Y. 65 ; *Whitney v. Clifford* 46 Wis. 138 ; *Smith v. London &c. Dock Co.* L. R. 3 C. P. 326 ; *Witte v. Hague* 2 Dow. & Ry. 33 ; *Rose v. S. & C. Transp. Co.* 21 Am. L. Reg. (N. S.) 528.

COOLEY, J. The injury for which this suit is brought was occasioned by the fall of an elevator upon which the plaintiff at the time was standing. The elevator was manufactured by the defendant for the Detroit Soap Company, under a contract that it should lift two thousand pounds easily, by steam or hand power. It was put up in the factory of the

soap company on May 27th, 1881, and the fall occurred through the breaking of the main shaft three days thereafter. Plaintiff was a workman in the employ of the soap company, and was engaged in loading the elevator with a load of less than two thousand pounds in weight when it fell.

The statement of facts so far makes out no cause of action in favor of this plaintiff. It discloses a duty on the part of the defendant to construct an elevator which should lift two thousand pounds; but the duty was to the soap company, and not to anybody else. Nothing is better settled than that an action will not lie in favor of any third party upon a breach of this duty. *Winterbottom v. Wright* 10 M . & W. 109; *Longmeid v. Holliday* 6 Exch. 761; *Heaven v. Pender* L. R. 9 Q. B. Div. 302; *Losee v. Clute* 51 N. Y. 494. The contract creates the duty, and the contract was only with the party for whom the elevator was constructed. The plaintiff himself concedes this principle.

But there are further facts in this case on which the plaintiff relies. It appears that after the elevator had been used two or three days, it was found that it did not work properly, and the defendant was notified of the fact, and requested to send a man to ascertain what was the difficulty. In response to that request defendant sent one Levy to the factory, and Levy proceeded to make an investigation. To one of the proprietors, after taking the car to the upper floor of the building, he said, "Let us load it up." The proprietor thereupon directed the plaintiff with other workmen to assist in the loading, and it was while doing so that the car fell with the plaintiff upon it. Upon evidence of this state of facts the plaintiff argued to the jury that the defendant, when the accident occurred, was in possession of the elevator himself, by his servant Levy; and that if it was so improperly constructed as to be insufficient for the load which Levy caused to be placed upon it, defendant was guilty of negligence in inviting the plaintiff's assistance. The jury were convinced by this argument, and gave verdict for the plaintiff.

If there was any evidence which justified submitting to

the jury as a question of fact whether defendant by his servant at the time of the accident was in possession and control of the elevator, then the conclusion of the jury upon that question must be final.   When a manufacturer is in possession of and is testing his own machinery he owes to every one who may be in danger from it the duty of proper care; and if he exposes any one to danger from his carelessness—whether the carelessness be in handling or in construction—he must answer for the consequences.   The duty of care under such circumstances is not a contract duty, but a duty imposed by the common law; and the contract is only important as it evidences the degree of care which the defendant was bound to observe.   *Witte v. Hague* 2 Dow. & R. 33.   We think there was such evidence in this case, and that the conclusion of the jury upon it was not unwarranted.   The proprietors had called upon the defendant to inspect his machine and discover if possible what was amiss, and defendant for the time being, in the person of his servant, might be said to be in possession.   Levy assumed control and directed the loading; and though he did not in person give orders to the plaintiff, he did so indirectly, for the proprietors at the time were acting under his suggestions and not otherwise.   If the accident had occurred on the day the elevator was set up, and before it had been turned over to the purchasers for use, there could have been no doubt of defendant's liability; but if he came back afterwards because of discovered defects, and took charge for the purpose of removing them, the grounds of liability would be the same.   The jury believed such was the fact, and they had grounds for their belief.

A supposed defect is pointed out in the declaration,* but we think the pleadings sufficient.

The judgment must be affirmed with costs.

The other Justices concurred.

---

*The second count of the declaration, to which recovery was limited, was as follows:

And for a second count in this behalf the plaintiff avers, that heretofore, to wit: on the 2nd day of February, 1881, Digby V. Bell, Samuel

CHARLES H. LOOMIS v. SULLIVAN ARMSTRONG

*Administrator's accounting—Partnership assets.*

The administrator of a deceased partner is responsible for any money wrongly paid out of the funds which have actually been in his hands officially, and for any allowance voluntarily and freely made by him against the estate without some legal or equitable warrant.

A surviving partner cannot claim compensation from the estate of a deceased partner for his personal services in winding up the business after the partnership has been dissolved by the latter's death, unless it has been agreed that he shall be compensated.

Post and Charles B. Haynes, doing business under the name of the Detroit Soap Company, employers of said plaintiff, were engaged or about to engage in the manufacture of bar soap; that from thence to the time of the injury hereinafter mentioned, said plaintiff continued to be the servant of said employers, whose duty it was, together with other servants so likewise employed, to perform general work and labor in the manufacture of said soap, and handling the same during the different processes of manufacture and preparation of the same for market. That defendant was engaged in the business of manufacturing and putting up machinery, and professed to be skillful in the erection and setting up of hoisting apparatus, known as elevators, and competent to construct and set up the same in a workmanlike manner, and in such complete order that the same, with reasonable care, could be used and run without danger of injury to human life; that so professing his competency as aforesaid, as a convenient means of delivering said soap from one floor to another of the building used and occupied by the employers of said plaintiff for the manufacturing purposes aforesaid, the said defendant constructed and set up in the building aforesaid, for the employers of said plaintiff, the said hoisting apparatus or machine called an elevator, for the use of said employers and their servants, and to enable said employers and their servants to remove said soap from one floor to another of said premises, as might be necessary and convenient in the manufacture of said soap, and the preparation of the same for market; that said defendant having so constructed and provided said elevator, as aforesaid, heretofore to wit: on the 25th day of June, 1881, professed to the employers and to the servants of said employers, and represented to said employers, to said servants, and to this plaintiff, that said elevator in the said premises was placed and set up by him for the purposes aforesaid, and was intended by him to be used by said employers and their servants for the purpose of enabling them so as aforesaid to remove said soap from one floor to another of said premises, as might be necessary and convenient for said employers, or for their said servants, in the due performance of their duty, as workmen in and about said premises; and said defendant professed and particularly represented to each and all of the parties aforesaid that said elevator was so constructed as to run either by steam or hand power, was in complete running order and would safely lift or carry two thousand pounds. And thereupon the said plaintiff, confiding in the representations afore-

The right and duty to wind up the business of a partnership after it has been dissolved by death is an incident of the partnership and rests with the survivor as a result of survivorship.

An administrator cannot retain any profits made out of assets belonging to his decedent's estate and sold by him, though he may have to account for more than he receives if he sells too low. He must at least account for actual proceeds.

In a proceeding by an heir against his father's administrator for an accounting, an inquiry into the widow's pecuniary condition at the time of trial is irrelevant and improper, especially if it tends to injure the heir by raising the inference that he has been benefited out of property to which the widow was entitled.

---

said, and by command and at the request of said defendant, not knowing that said elevator was dangerous and unsafe for such purpose, with due and proper care and skill in that behalf, and in the ordinary performance of his duty in handling said soap, went upon said elevator. ˙ That at the time he so went upon said elevator, the said elevator was wholly unsafe and dangerous, and was not in complete running order, and would not safely lift or carry two thousand pounds; and that defendant then knew, and from long before then, well knew, and had full means of knowing the same was dangerous, and likely to break and fall down and injure persons when used in the ordinary manner, for the purposes aforesaid, and with a much less weight than two thousand pounds; that it was the duty of said defendant not to so have provided said elevator in said state for the said purpose, but to have properly constructed said elevator, and to have taken care that said elevator was not unsafe and dangerous, but was put up in a proper and safe state for the purposes aforesaid, and would safely lift or carry two thousand pounds; and said duty particularly devolved upon said defendant, in that any unskillful, improper or unworkmanlike construction of the same, or the putting up of the same, so that it would not safely lift or carry two thousand pounds, would be in the use and running of the same imminently dangerous to human life, as defendant well knew. That by reason of the aforesaid insecure, wrongful and improper conduct of said defendant, in not taking care that said elevator was safe and sufficiently and properly constructed for the purposes aforesaid, and the dangerous, insecure and unsafe state of said elevator, the same while being so used as aforesaid, by said plaintiff, in the ordinary manner, and with due and reasonable skill and care, and while the said plaintiff was upon it, and with a weight much less than two thousand pounds, to wit: fourteen hundred pounds, and while said elevator was in the vicinity of one of the upper floors of said building, the said elevator broke, fell and dropped to the lower floor, whereby and by reason whereof the plaintiff had two ribs broken, was injured in his spine, and was otherwise greatly cut, wounded, bruised, maimed and lamed, so as to be unable to perform any service for his employers, or to earn any compensation therefor, for a long space of time, to wit: one month, and was so permanently injured, that though afterwards partially recovering, yet from thence hitherto the said plaintiff, by reason of his inability and inefficiency, occasioned by the injury aforesaid, has been obliged to work for a much less sum than he otherwise could have earned; and will hereafter at all times be obliged in consequence of said injury to work for a much less sum than he otherwise would have been able to earn, and was also obliged to pay out a large sum for medical attendance, and also suffered great pain of body and mind, to wit: in the county aforesaid.