THE EMPIRE LAUNDRY MACHINERY COMPANY

*v.*

SARAH A. BRADY, Admx.

58:146 Ind
36 LRA

*Filed at Ottawa November 23, 1896.*

1. APPEALS AND ERRORS—*objections cannot be first made on appeal.* An objection that a special finding by the jury is not supported by the evidence cannot be urged on appeal, where the objection was not raised below.

2. NEGLIGENCE—*of manufacturer repairing customer's machinery.* Where, after the delivery and acceptance of machinery by a customer, the manufacturer of the same is again in charge to make alterations, he is liable, while so in control, for injuries to an employee of the proprietor temporarily assisting him, caused by improper construction of the machinery or his negligent use thereof.

3. MASTER AND SERVANT—*injury to servant assisting outsider to repair master's machinery—who liable.* The manufacturer of a laundry wringer, who, after its delivery and acceptance, is engaged, at the laundry proprietor's instance, in re-adjusting it for steam power, is liable for the death of the proprietor's servant, whom he has called upon to assist in putting on a belt, and who is killed by reason of the wringer being insecurely fastened to the floor.

*Empire Laundry Machinery Co.* v. *Brady,* 60 Ill. App. 379, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This was an action on the case, brought by appellee, against appellant, to recover damages for the death of her husband and intestate, Stafford Brady. In March, 1889, the deceased was an employee of the firm of Wilson & Fuchs, who were engaged in the operation of a laundry, their principal business being the cleansing of soiled towels and cloths, which, when cleansed, were used for wiping machinery. Brady was salesman and superintendent of the laundry, in which two other persons were employed. At that time appellant was engaged in the manufacture and sale of laundry machinery, washers and

wringers. In February or March, 1889, Wilson & Fuchs purchased from the appellant company an ordinary laundry wringer, consisting of two wooden rollers in an iron frame, and weighing from seventy-five to one hundred pounds. It rested on four feet, which were arranged for castors, and each of the feet had also an opening to receive the screws or bolts by which it might be fastened to the floor. At the time of the accident the wringer was fastened to the floor by two wooden screws or bolts. When sold, the wringer had a handle on the fly-wheel with which to operate it. Appellant was told at the time that it might be desired to use steam power, and it was stated that it could be done by taking off the handle and putting on pulleys for a belt. In a few days after its purchase it was changed to a power machine by taking off the handle and placing upon the shaft of the wringer several pulleys, and belting it to a line shaft which furnished power to a washing machine in the same room. On March 29 Fuchs requested appellant to send a man to put on a larger pulley in order to increase the speed, and this necessitated also splicing the belt to make it longer. Complying with this request, appellant sent out one of its machinists, Hayton, who proceeded to do the work required. When the work had been completed Hayton requested Brady to assist him in adjusting the belt on the pulley to start the machinery. As soon as the belt was adjusted the wringer was pulled from its fastenings on the floor, the belt flew off and in some manner wrapped itself about Brady, and he was whirled around the shaft, his body striking the joist and pulley with such force that he died from his injuries in a short time.

The negligence charged in the declaration is that the defendant did not use reasonable skill and diligence in setting up the machinery, etc., and so unskillfully set up, constructed and fastened it to the floor that it was insecure and unsafe, whereby it gave way and caused the injury complained of while deceased was working for ap-

pellant and at its request. An additional count was in substance the same, except that it charged negligence in defendant not having a sufficient number of men skilled in setting up such machinery to be used for laundry purposes. Wilson & Fuchs were joined as co-defendants in the case, but the suit was not pressed as to them.

On the trial a number of special findings were submitted to the jury by appellant, answers to which were returned by them, finding that the wringer was not properly set up and fastened to the floor with reference to the purpose for which it was intended and adapted; that the death of deceased was caused by the insecure fastening; that he was not a mere volunteer assisting appellant's agent when injured, and that he could not have avoided the injury by the exercise of ordinary care and prudence.

At the close of plaintiff's evidence a motion was made by defendant to instruct the jury to find for it, which was refused by the court. The jury returned a verdict for plaintiff of $5000. A motion for new trial was overruled and judgment entered on the verdict. On appeal to the Appellate Court for the First District this judgment was affirmed, and an appeal was prosecuted by the appellant to this court.

GEORGE L. SHOREY, and JESSE A. & HENRY R. BALD-WIN, for appellant.

KAVANAUGH & O'DONNELL, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

A number of reasons are urged by appellant for the reversal of this judgment, which, to the extent it is consistent or proper for this court to consider, will be noted.

The question as to whether the decedent was guilty of contributory negligence resulting in the injuries received by him is a question of fact, which has been set-

tled adversely to appellant by the special findings of the jury, its verdict, and by the judgment of the Appellate court. There was, without doubt, evidence tending to show that he was exercising due care and caution at the time of the injury. There is an absence of evidence that his attention was in any way called to the unsafe condition of the fastenings of this wringer. He was the salesman and superintendent, and was absent from the building much of the time, taking orders. The eighth special finding submitted to the jury was as follows: "Could the deceased, Stafford N. Brady, have avoided the accident complained of, which resulted in his death, by the exercise of ordinary care and prudence?" And to which the jury answered, "No." No objection was made before the trial court that this finding was unsupported by the evidence, nor was it urged in the motion for a new trial, and it cannot, therefore, be urged now. *Avery v. Moore*, 133 Ill. 74; *City of Aurora v. Rockabrand*, 149 id. 399; *Pennsylvania Coal Co. v. Kelly*, 156 id. 9.

The same consideration as above is also applicable to appellant's suggestion and argument that Brady, the decedent, was at the time of the injury a mere volunteer in assisting Hayton, the agent of appellant, and was under no obligation to do this work. This fact was also submitted to the jury by the seventh special finding and found adversely to appellant. The question cannot now be raised here for the reason above stated.

It is urged by appellant that even if it was guilty of negligence in not sufficiently bolting the wringer to the floor, yet the acceptance of the machine by Wilson & Fuchs, its purchasers and the employers of decedent, would relieve appellant from any liability. If decedent had been injured while in the act of operating the wringer for his employers an entirely different question would have been presented for our consideration. But such a case is not before us. At the time of the injury resulting in the death of decedent he was not engaged in any line

of employment for Wilson & Fuchs, but, as the jury in the trial court have found, he was, at the request of appellant's machinist, assisting him in a line of work which was to be performed by appellant.

We are referred to a line of authorities as indicating that a liability does not exist against a manufacturer who has sold his machine and which has been accepted by the purchaser, in favor of an employee of the purchaser who has been injured by some defect in the machinery. The case of *First Presbyterian Congregation* v. *Smith*, 26 L. R. A. 504, together with the cases there annotated, is particularly relied upon by appellant as supporting this proposition. The majority of the cases referred to are those holding that no liability exists against a contractor of work in, favor of one injured by a defect therein after the work has been turned over to and accepted by the owner. This general rule is well established. (*Curtin* v. *Somerset*, 140 Pa. St. 70; *Fitzmaurice* v. *Fabian*, 147 id. 199.) An exception to this rule is in cases where a structure or the subject matter of the contract is to be used for a particular purpose requiring security for the protection of human life. The particular question, however, as to whether a manufacturer who has sold and delivered his article is liable for a defect to a third person injured, and with whom there is no privity, we do not have before us in this case. If it be conceded that the delivery of the wringer had been made by appellant to Wilson & Fuchs and accepted by them, still, at the time of the injury the machinery was again under the control of appellant for the purpose of making repairs. The deceased was not injured while the machinery was being operated by Wilson & Fuchs. Where machinery is originally defective when delivered, and accepted by the owner, and after such acceptance the contractor or manufacturer again, either by himself or agent, is in charge of the machinery for the purpose of making repairs or improvements, he must be held liable for an injury to a

third person from such defect or from his negligence. In *Schubert* v. *Clark*, 15 L. R. A. 818, it is held, in substance, that where a manufacturer of goods not ordinarily dangerous negligently constructs an article which is to be placed on the market for sale, and knowing its defects permits it to go out in the course of trade, he will be liable to a person injured thereby who was not aware of the defective condition, from the fact of its being concealed. In the present case appellant had knowledge of the insecure and unsafe fastenings of the wringer, and had knowledge also of the fact that its method of operation was being changed from hand to steam power, which would cause an additional strain to be put on this machine. Appellant was there for the especial purpose of making this change. The machine, for the time being, was under its control, and the deceased, at its request and without knowledge of the dangerous condition of the fastenings, was assisting the agent of appellant, and thus received the fatal injuries. These are all facts which are established by the trial and Appellate Courts and by which we are bound. They were sufficient on which to base the verdict returned and the judgment of affirmance in the Appellate Court.

It is also assigned as error that the court modified the ninth instruction asked by appellant, and improperly refused to give to the jury certain other instructions asked by it. It would extend to an undue length this opinion to fully note these instructions with their objections. For the reasons set forth in this opinion there was no error in the action of the trial court in giving or refusing instructions.

Our conclusion therefore is that there is no reversible error in the record, and the judgment of the Appellate Court is affirmed.                   *Judgment affirmed.*