## NAMI v. HARMES et ux.   (No. 8872.)

(Court of Civil Appeals of Texas.   Galveston.
July 1, 1926.)

**1. Appeal and error ⚖⟶733—Assignment that judgment is contrary to evidence, supporting finding contrary to that made, presents no error.**

Assignment that judgment is contrary to evidence and law, in that there was ample evidence that instrument was conveyance of fee, presents no error, where not asserting absence of evidence to sustain finding that it was mortgage, or that findings are against weight and preponderance of evidence.

**2. Mortgages ⚖⟶38(1).**

Evidence *held* to sustain finding that purported deed was intended ás mortgage.

**3. Appeal and error ⚖⟶994(2), 1002.**

Where evidence is conflicting, jury is sole judge of witnesses' credibility and weight of testimony, and appellate court cannot set aside finding.

**4. Appeal and error ⚖⟶499(3), 511(1), 690(6) —Assignment of error in permitting testimony through interpreter must be overruled, where record does not show such testimony, objection at time, and reservation of bill of exception.**

Assignment of error in permitting plaintiffs to testify through interpreter must be overruled, in absence of showing in record, except assertion in motion for new trial, that they so testified, or, if so, that any objection was made at time, and bill of exception reserved to court's ruling.

**5. New trial ⚖⟶28—Assignment of error in overruling motion for new trial on ground that appellee feigned illness must be overruled, in absence of evidence that she did so; that jury saw her afterward; or that conduct affected verdict.**

Assignment of error in refusing motion for new trial on ground that appellee feigned illness and was carried from room and placed on bench in path of jury on way to consultation room must be overruled, in absence of evidence that she feigned illness; that jury saw her after she was assisted from room; or that her conduct affected verdict.

Appeal from District Court, De Witt County; John M. Green, Judge.

Suit by Ludwig Harmes and wife against George Nami. Judgment for plaintiffs, and defendant appeals. Affirmed.

Henry S. Paulus, of Yoakum, and Stanley Kulawik and Herman G. Nami, both of Cuero, for appellant.

R. J. Waldeck, of Cuero, for appellees.

LANE, J. This suit was brought by Ludwig Harmes and wife, Minna, against George Nami, to cancel a certain instrument, appearing on its face to be a deed of conveyance by which plaintiffs conveyed to defendant certain real property constituting the homestead of the plaintiffs, but which the plaintiffs alleged was not in fact a deed, but that it was executed by them and delivered to defendant under an agreement and understanding between themselves and defendant that it was to operate only as a mortgage to secure a loan by defendant to them of the sum of $116, $100 of which had been repaid to defendant and the remainder tendered to him and deposited in court as such tender. Defendant answered by general demurrer, general denial, and affirmatively alleged that the instrument was in fact a deed and that it was intended as such by all the parties interested therein.

That Ludwig Harmes and Minna Harmes were, at the time of the execution and delivery of the instrument in question, husband and wife, and that the property in controversy was their homestead at such time and has remained such ever since, and that they repaid or tendered repayment of the $116 which they alleged was loaned to them by defendant, is shown by the undisputed evidence. Therefore the case was submitted to a jury selected to try the cause substantially upon but one special issue as follows: Was the instrument of April 11, 1922, sought in the suit to be canceled, intended as a mortgage, or was it intended as an absolute conveyance of the property therein described? To the question propounded the jury answered that the instrument was intended as a mortgage only and not as a deed of conveyance.

Upon the answer of the jury to such special issue and the evidence, the court rendered judgment decreeing the cancellation of the instrument involved in the suit, and that it be set aside and held for naught, and that the plaintiffs be quieted in their title and possession of the property described in their petition free from any and all cloud cast thereupon by reason of said instrument. From the judgment rendered George Nami has appealed.

[1, 2] The first assignment of error presented by appellant is, substantially, that the judgment rendered is contrary to the evidence and the law, in that there was ample evidence to show that the instrument in question was intended by the parties as a conveyance of the fee-simple title to the property described therein to defendant, Nami.

It is manifest that this assignment presents no error. It asserts only that there was evidence from which the jury might have found that the instrument in question was intended as a conveyance of title to the property. It does not assert that there was no evidence to sustain a contrary finding, nor that the findings of the jury are against the weight and preponderance of the evidence. However, if such assertions were made, they could not be sustained.

Appellees George Harmes and wife both testified that it was understood by themselves

and appellant, Nami, at the time of the execution of the purported deed, that it was to be a mortgage only, to secure certain hospital charges, which were thereafter ascertained to be $116; that appellant paid them nothing for the property; that they repaid appellant $100 of said sum of $116 and tendered payment of the remainder but appellant refused to accept such payment and refused to release the mortgage, although he promised to cancel the instrument upon the payment of said sum of $116.

Sophia Harmes, daughter of Ludwig Harmes and wife, testified that at the time the purported deed was executed appellant told her that her parents had signed a mortgage to get money to send her to the hospital.

[3] There was evidence introduced by appellant tending to support his contention that the instrument was intended as an absolute deed of conveyance, thus creating a conflict of evidence only. In such circumstances the jury was the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we are not at liberty to set aside its finding.

[4] The second assignment complains of the fact that appellees Harmes and wife, who claimed that they were unable to give their testimony in the English language, were permitted to give their testimony through an interpreter, when as a fact such parties could have given their testimony in the English language.

There is nothing in the record, other than the assertion in the motion for new trial, to show (a) that Harmes and wife testified through an interpreter; (b) that, if they did so, any objection was at the time made to such manner of testifying; and (c) that any bill of exception was reserved to the action of the court in permitting said parties to so give their testimony. What we have said is a sufficient reason for overruling the second assignment.

[5] The third and last assignment is that the court erred in refusing the motion of appellant for a new trial, in that the plaintiff Minna Harmes, after appellant's counsel had summed up his case and concluded his argument, and while plaintiffs' counsel was making his closing argument, feigned that she was exhausted or fainting; that she went into hysterics and fell into the arms of her daughter and was carried out of the courtroom on the arms of bystanders and placed on a bench in the lobby of the courthouse directly in the path that the jury were obliged to take on their way to their consultation room; that such conduct influenced the verdict against appellant.

All the evidence offered on the motion relative to the allegation that Mrs. Harmes was feigning illness refutes such allegation and shows that she was in fact sick and needed assistance to leave the courtroom. John Fuchs, one of the jurors, and the only one called to testify on hearing the motion for new trial, testified that he saw Mr. Harmes when she became ill while the cause was being tried; that that incident had no effect upon his verdict in the case; that it did not in any manner affect his consideration of the case; that he would have rendered the same verdict if Mrs. Harmes had remained in good health; that her conduct and illness in no way affected his verdict; that the incident of her illness and conduct was not mentioned by any of the jurors in the jury room at all; that not a word was said about it; and that it was not taken into consideration. Testifying further, the witness said there was no one on the bench when the jury went out as far as he saw, at least he did not see any one on the bench; that, in fact, no one was in that hallway when the jury went through there.

There was not a scintilla of evidence tending to show that Mrs. Harmes feigned illness; that the jury ever saw her after she was assisted from the courtroom; or that her conduct in any manner affected the verdict of the jury. In fact, so far as shown, appellant offered no evidence to sustain the allegation set out in his third assignment. It is overruled.

What we have said disposes of all of appellant's assignments.

The judgment is affirmed.

Affirmed.