### HARDIN et al. v. RUST.    (No. 2814.)

Court of Civil Appeals of Texas.    Amarillo.
April 20, 1927.

Rehearing Denied May 11, 1927.

1. **Master and servant** ⚖➔354—Minor held not prevented from suing third parties for injuries by cashing small check from employer's insurance carrier.

Minor, under disability, was not prevented from bringing action for injuries for negligence against third parties by fact that his employer had reported accident to insurance company, from whom plaintiff had received and cashed small check, where no application had been made for compensation.

2. **Bridges** ⚖➔46(5)—In action against bridge company, making repairs, for injuries caused by bridge's collapse, evidence as to repair work done by defendant 10 months previous to accident held admissible.

In action by workman, driving truck over portion of bridge being repaired, against company making repairs, for injuries caused by callapse of bridge, admitting testimony as to repairs which defendant had made thereon 10 months prior to accident, held not error, though bridge had been accepted by owner and used by public after completion of repairs.

3. **Bridges** ⚖➔35—Company, in possession of bridge for making repairs, was liable to one injured by collapse for damages proximately resulting from its negligence.

Bridge company, in possession of toll bridge for purpose of making repairs at time of collapse of portion of bridge, causing injury to one driving truck, was liable for any damages received by him as proximate result of bridge company's negligence.

4. **Evidence** ⚖➔123(11)—Statement of foreman of company repairing bridge that he should have inspected bridge before permitting plaintiff to drive across held inadmissible in action for injuries.

In action against bridge company for injuries caused by collapse of portion of bridge, admitting testimony of plaintiff's father that, on return to bridge an hour and a half after accident, foreman stated he should have gone over bridge and inspected it before permitting plaintiff to drive across, held error.

5. **Master and servant** ⚖➔332(1)—Whether company repairing bridge was independent contractor held for jury.

In action for injuries against company owning toll bridge and company engaged in making repairs thereon, question whether company making repairs was independent contractor held for jury.

6. **Appeal and error** ⚖➔882(14) — Party requesting issue cannot claim issue was not raised by testimony.

Litigant, who has requested submission of issue to jury, is estopped from asserting testimony was insufficient to raise such issue.

7. **Evidence** ⚖➔471(31)—Testimony of president of bridge company making repairs, that foreman had no authority to pass on bridge's capacity, held inadmissible.

In action by one driving truck across bridge, against company making repairs, for injuries sustained by collapse of portion thereof, testimony of president of company that foreman had no authority to pass on capacity of bridge held inadmissible, as conclusion.

8. **Appeal and error** ⚖➔930(3)—Evidence held insufficient to warrant presumption that issue was found in favor of judgment, in absence of request therefor.

In action for injuries resulting from collapse of portion of bridge while being repaired, evidence held insufficient to warrant presumption, in favor of judgment, that court found failure to place runners along bridge was not intervening cause of injury, in absence of request for such issue.

9. **Bridges** ⚖➔46(14)—Finding that plaintiff disregarded defendant's warning in driving truck across bridge prevented judgment against defendant notwithstanding finding of no contributory negligence.

Where evidence was undeveloped as to whether failure to place runners along bridge

was cause of injury to truck driver, jury's finding that plaintiff disregarded defendant's warning not to cross without runners prevented judgment against defendant, notwithstanding jury's answer to special issue that plaintiff was not guilty of contributory negligence.

**10. Bridges ☞46(8)—Negligence of company owning toll bridge in permitting burnt timbers to remain therein held for jury.**

In action against company owning bridge, for injuries caused by collapse of portion of toll bridge, issue of negligence of company in permitting burnt timbers to remain therein from time of repair to time of accident *held* for jury.

**11. Trial ☞352(1)—Where defendants' separate acts of negligence were properly submitted, and jury found both negligent, permitting jury to find generally that such negligence proximately caused injury held not error.**

Where, in action against two defendants for injuries, pleadings and testimony were sufficient to authorize submission of each act of negligence submitted to jury, and jury found both defendants were negligent, special issue which permitted jury to find generally that such acts were proximate cause of injury *held* not error.

**12. Negligence ☞61(1)—Where several efficient causes contribute to injury, each cause is "proximate cause."**

Where several efficient causes contribute to injury, and injury would not have occurred without operation of each of such causes, each cause is "proximate cause."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**13. Trial ☞350(5)—Jury may properly be required to find whether independent negligent act of one defendant was proximate cause of injury, or whether acts of all were concurring proximate causes.**

In action for injuries against several defendants, issue of proximate cause may be submitted, so as to require jury to determine whether some independent act of negligence of one defendant caused injury, or whether injury resulted from concurrent negligent acts of all.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by William Walter Rust, by his next friend, Edward N. Rust, against J. G. Hardin and others, composing a copartnership under the name of the Burkburnett Bridge Company, and the Austin Bridge Company. Judgment for plaintiff against defendants jointly and severally, and defendants separately appeal. Reversed and remanded.

Seay, Seay, Malone & Lipscomb, of Dallas, and Bert King, of Wichita Falls, for appellant Austin Bridge Co.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant Burkburnett Bridge Co.

Cox & Fulton, of Wichita Falls, for appellee.

JACKSON, J. Plaintiff, William Walter Rust, a minor, instituted this suit by his next friend, Edward N. Rust, in the district court of Wichita county, against the defendants, the Burkburnett Bridge Company, a copartnership composed of J. G. Hardin, S. L. Fowler, J. A. Staley, Wood W. Graham, and W. T. Willis, and the Austin Bridge Company, a corporation duly and legally organized under the laws of the state of Texas, to recover for personal injuries received by him about the 22d day of September, A. D. 1925.

Plaintiff alleged that the Burkburnett Bridge Company was the owner of a toll bridge extending across Red river, between Wichita county, Texas, and Cotton county, Oklahoma, which was and had been operated by it for a number of years, and used for wagons, automobiles, live stock, and pedestrians in crossing the river; that some months prior to September 22, 1925, a fire occurred, injuring and damaging the bridge, necessitating certain repairs thereto; that the Burkburnett Bridge Company employed and contracted with the Austin Bridge Company to repair such damage, which it did; that the repairs and the character thereof were unknown to plaintiff, but well known to each of the defendants; that shortly before September 22, 1925, excessive rains caused Red river to overflow, washing away a portion of the bridge, so it was necessary to again repair it; that the Burkburnett Bridge Company again employed the Austin Bridge Company to repair the damaged condition of the bridge caused by the overflow, and the Austin Bridge Company on the dates alleged was in charge of the work of repairing the bridge; that about September 22, 1925, it was necessary in the prosecution of the work of repairing to carry a pile driver engine over the portion of the bridge left standing after the washout to a designated place on the bridge, so it could be used in the repair work, and the defendants contracted with Edward N. Rust to transport said engine on a truck; that the truck, which was driven by plaintiff, together with the engine, weighed around 20,000 pounds, of which the defendant had full knowledge; that it was necessary, in order to unload said engine at the designated place, to drive the truck loaded with the engine over a part of the bridge, and prior to doing so he inquired of the servants, agents, and employees of both defendants relative to the safety of driving the truck so loaded on the bridge, and was advised by them that the bridge was in a safe condition and would support the load, except over a certain portion, where it would be necessary to place runners of 3x12 timbers, and the defend-

ants placed said runners as they ordered, and instructed him to proceed with the loaded truck to the place for unloading the engine, and after proceeding several hundred feet he was informed by the agents and employees of the defendants, acting within the scope of their authority, that the runners were needed no further because a new portion of the bridge had been reached, and it was safe to drive the loaded truck the remainder of the distance without the use of the runners.

Plaintiff alleges that, at the point where the use of the runners was discontinued, the understructure of the bridge had been, by the fire previously alleged, burned, damaged, and weakened, which was unknown to him, but known to each of the defendants; that, without regard for the safety or lives of those using the bridge, the burned and damaged timbers were allowed to remain in the understructure, covered with new planks, so as to give those using the bridge a sense of false security; that said acts of the defendants constituted negligence; that, on the advice given him by the defendants, he proceeded with the load until he reached the point where the timbers had been weakened by the fire as alleged, at which point the bridge broke through, causing the truck, engine, and plaintiff to be precipitated into the bed of the river, and on account thereof he suffered serious and permanent injuries, his health was impaired, and setting out in detail the injuries sustained; that the portion of the bridge which was burned was concealed from view, so that an ordinarily prudent person could not ascertain its condition, and the danger and peril of its use, but, notwithstanding this condition, knowledge of which defendants had, they failed to make said condition known to plaintiff, advised that the bridge was safe, and by reason of the acts and matters alleged the defendants were guilty of negligence, which was the proximate cause of his injury and damage, which he alleged to be the sum of $25,000.

The Austin Bridge Company filed a plea in abatement to the effect that Edward N. Rust, the employer of the plaintiff, carried workmen's compensation insurance, and had made claim upon the insurance carrier for compensation, some of which had been paid and accepted, and the insurance carrier was thereby subrogated to the rights held by the plaintiff to bring suit against it for damages under our compensation laws, for which reason plaintiff's rights to maintain suit did not exist. Subject to its plea in abatement, this defendant answered by general demurrer, special exceptions, general denial, and alleged the condition of the bridge was open and obvious, and the plaintiff assumed the risk of the condition thereof, failed to exercise ordinary care in going on the bridge, and failed to follow the suggestion that, in hauling the engine a trailer should be used, and insisted on carrying the engine on the truck, putting the load on the two back wheels, which caused the accident and constituted contributory negligence; that, if any agent of the defendant assured the plaintiff that the bridge was safe, such agent was acting beyond the scope of his authority, and not in the course of his employment, for which it was not liable; that the plaintiff and his employer were independent contractors for the transportation of the engine, and the manner and method thereof was a matter within the control of the plaintiff and his employer; that at the time of the accident it was acting under the direction and control of the Burkburnett Bridge Company, its codefendant, and it was not responsible for the acts or conduct of its agents under such conditions, as it was repairing the bridge, and required to furnish equipment, labor, and material, and received as compensation a per cent. above the cost thereof; but that it was not directing the manner and method of performing the work, because that was controlled and directed by its said employer.

This defendant set up by trial amendment that it was a corporation engaged in structural steel work, and on the 22d day of September, 1925, had from 200 to 300 employees, and was entitled to and did carry, both in the state of Texas and the state of Oklahoma, workmen's compensation insurance in the Southern Surety Company, and, if plaintiff was an employee of the Austin Bridge Company, he was not authorized to proceed against it for the injuries received in the course of his employment, but must seek compensation from the Southern Surety Company.

The Burkburnett Bridge Company answered by plea in abatement, urging in substance the matters presented in the plea in abatement of its codefendant. Subject to said plea, the Burkburnett Bridge Company answered by general demurrer, special exceptions, general denial; and, in addition to the assumed risk and contributory negligence pleaded by its codefendant, alleged that the work, which was being carried on in connection with which the plaintiff was injured, was being done and performed by its codefendant, the Austin Bridge Company, under and by virtue of a contract by which its codefendant was an independent contractor, to rebuild and repair the bridge; that the work was not done under its supervision or control, but was done according to the judgment and discretion of the Austin Bridge Company, which was in charge of and experienced in that kind and character of work; that the Austin Bridge Company was to do the work in the manner it saw fit, report it to the Burkburnett Bridge Company, and submit a bill therefor, which was to be paid by this defendant, together with

10 per cent. on the gross amount of contract price, as compensation to the Austin Bridge Company; that it did not employ the plaintiff, nor give him any instructions, and had nothing to do with the facts and circumstances causing his injury; that the Austin Bridge Company had constructed the bridge and repaired it · prior to the time plaintiff was injured, and was familiar with the bridge and its conditions, and knew, at the time of plaintiff's injury, more regarding the strength of the bridge than this defendant, as its only connection with the bridge was its operation as a toll bridge and permitting its use for such purpose; that the work at the time of plaintiff's injury was carried on in the manner chosen by him and his father, his employer, or by them in connection with the Austin Bridge Company; that the work of repairing the bridge had not been completed or accepted by the Burkburnett Bridge Company at the time of plaintiff's injury, and the bridge was then in possession of the Austin Bridge Company; that at the time of the injury the plaintiff and Edward N. Rust had been employed by the Austin Bridge Company to do one particular piece of work, and Edward N. Rust and the Austin Bridge Company each carried compensation insurance for the protection of employees, and plaintiff was injured in the course of such employment and protected by the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and the Austin Bridge Company being an independent contractor, the compensation insurance was for the use and benefit of the defendants, and plaintiff was estopped to claim anything against these defendants.

In a supplemental petition, the plaintiff alleged that the defendants had contracted with Edward N. Rust to transport the pile driver engine with his truck from the railroad, and Edward N. Rust received instructions and employment from both defendants, but was paid by the Austin Bridge Company, whose superintendent was present at the loading of the engine on the truck, and W. W. Graham, one of the members of the partnership of the Burkburnett Bridge Company, and the superintendent of the Austin Bridge Company, were present when the truck arrived, and directed Edward N. Rust how they wanted the engine carried onto the bridge, and placed stringers on the bridge in front of the truck, so it could be backed on the bridge on said stringers, which were laid by the agents and servants of the defendants to a point some 1,200 or 1,300 feet out on said bridge. Then the superintendent of the Austin Bridge Company, who was directing the laying of the runners, ordered the truck stopped, and told plaintiff that the bridge was safe from there on without the runners; that the superintendent of the Austin Bridge Company and said W. W.

Graham were directing the work, and directing him and his father in running the truck and engine to the place designated, and he relied upon the statements that the remainder of the bridge was safe, without knowledge of its burnt condition, which could not be ascertained by ordinary care, because the defects were hidden and invisible. He denied that the defendants suggested that the engine be hauled on a trailer, but says that they advised him that it should be hauled upon one truck, so it could be backed on the bridge, and that it was necessary to back the truck on the bridge, which would have been impossible with a trailer, in order to drive off after the engine was unloaded. He denied that he was guilty of contributory negligence, that he assumed the risk or elected to accept compensation from any insurance carrier, or that he was capable of such election or acceptance; that he did not know whether the Austin Bridge Company was an independent contractor, but alleged that the superintendent of the Austin Bridge Company and one of the partners of the Burkburnett Bridge Company were present at the accident, each directing how the work should be done, and acting together in the doing of the work, and in the employment of Edward N. Rust, and that the defendants were jointly and severally liable for his injuries.

The court overruled the plea in abatement of each of the defendants. So far as necessary to a disposition of this appeal, we give below the issues submitted by the court to the jury in his main charge, and the answers thereto:

"Special Issue No. 1.—Was the defendant, Burkburnett Bridge Company, guilty of negligence, as that term has been defined to you, by using burnt timbers in the reconstruction of the burnt portion of the bridge in 1924? Answer 'yes' or 'no.' Answer: No.

"Special Issue No. 2.—Was the defendant Austin Bridge Company guilty of negligence, as that term has been defined, in the use of burnt timbers in reconstruction in 1924, if you find said company used burnt timbers in said work? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 3.—Was the Burkburnett Bridge Company guilty of negligence in permitting such burnt timbers to remain in such bridge, up to the time of the accident? Answer 'yes' or 'no.' Answer: Yes.

"Special Issue No. 4.—Was the Austin Bridge Company, its agents or servants, guilty of negligence in directing or permitting plaintiff to drive upon the span of bridge where the accident occurred? Answer 'yes' or 'no.' Answer: Yes.

"Special Issue No. 5.—Was the Burkburnett Bridge Company, or its representative at the time, W. W. Graham, guilty of negligence in permitting the plaintiff, if he did so permit, to drive upon the span of bridge where the accident occurred? Answer 'yes' or 'no.' Answer: No.

"Special Issue No. 6.—Was the plaintiff guilty

of contributory negligence in driving upon the bridge without runners with the truck loaded as it was and without inspection? Answer 'yes' or 'no.' Answer: No.

"Special Issue No. 7.—If you have answered any or all of the issues, numbered 1 to 5, inclusive, 'yes,' then state whether such negligence, if any, was the proximate cause of the plaintiff's injury? Answer 'yes' or 'no.' Answer: Yes.

"Special Issue No. 8.—What amount of money, if paid now in cash, would fairly and reasonably compensate the plaintiff for the injury he received, if any? Answer: $12,500."

At the request of the Burkburnett Bridge Company, the court submitted special issues in response to which the jury found in substance that those in charge of the truck at the time of the accident, operated it in disregard of the warning given by said company, that the truck should not cross the bridge except on the 3x12 runners; that said company by the use of ordinary care could not have foreseen that the truck would be operated at the time of the accident without the use of the runners; that the said company advised the plaintiff not to go onto the bridge without runners, and did not advise the plaintiff that the bridge was in a safe condition to transport the load without runners; that said company did not know or have any reason to believe, at the time the machinery was taken on the bridge, that the work of doing it would be done in a dangerous manner.

In response to special issues given by the court, at the request of the Austin Bridge Company, the jury found in effect that the plaintiff on the day of the injury was not in the service of the Austin Bridge Company; that the Austin Bridge Company assured the plaintiff that the bridge was safe to go upon with said load in the manner in which it was loaded and in the manner in which plaintiff went upon the bridge. Though requested to do so, the court refused to submit to the jury, but found as a fact, that the plaintiff was not an employee of the Burkburnett Bridge Company, at the time he was injured, and that the Austin Bridge Company was an independent contractor as to its codefendant.

On these findings the court rendered judgment for the plaintiff against the defendants jointly and severally for the sum of $12,500, with interest thereon from date at the rate of 6 per centum per annum, and for costs of suit, from which judgment the defendants each prosecutes its separate appeal.

[1] The appellants join in an assignment, challenging as error the action of the trial court in overruling their respective pleas in abatement. The testimony shows that the plaintiff was a minor, whose disabilities had not been removed, and who had no legal guardian; that he was working for his fa-

ther at the time of the accident, who carried compensation insurance for the protection of his employees, and who reported the accident to his insurance carrier, four or five days after it occurred; that no application was ever made by the plaintiff or his father for the payment of the compensation from the insurance company, but that the company sent to plaintiff one check for $36, which he cashed. The matter was never presented to the Industrial Accident Board, and no other action taken than shown above relative to the liability of the insurance company. The court did not commit error in overruling the pleas in abatement. Lancaster v. Hunter (Tex. Civ. App.) 217 S. W. 765; Stowell v. Texas Employers' Ins: Ass'n. (Tex. Civ. App.) 259 S. W. 311; Haynes v. Bernhard (Tex. Civ. App.) 268 S. W. 509.

[2, 3] The Austin Bridge Company challenges as error the action of the court in requiring the president of the company to testify regarding the work and repairing done by his company on the bridge, 10 months prior to the accident, because said repairs had been completed and the bridge accepted by the owner and used by the general public since the completion of said repairs. The Austin Bridge Company had originally constructed this bridge, repaired it a number of times, and about 10 months preceding the damage by the washout had been employed by the Burkburnett Bridge Company to, and did, repair the portion of the bridge damaged by fire. The evidence is uncontroverted that the accident in controversy occurred upon a span of the bridge under which the timbers had been burned and weakened by fire. After the repair of the damage from the fire had been made, it was accepted by the Burkburnett Bridge Company, and used by the public for crossing the river, something like 10 months, at which time a part of the bridge was washed away, and the Burkburnett Bridge Company again employed the Austin Bridge Company to repair the damage which had been caused by the overflow. The Austin Bridge Company was in possession of the bridge for making such repairs, at the time of the accident, and under these circumstances was liable to the appellee for any damages received by him, which was the proximate result of the negligence of the Austin Bridge Company. O'Brien v. American Bridge Co., 110 Minn. 364, 125 N. W. 1012, 32 L. R. A. (N. S.) 980, 136 Am. St. Rep. 503; Empire Laundry Machinery Company v. Brady, 164 Ill. 58, 45 N. E. 486; Necker v. Harvey, 49 Mich. 517, 14 N. W. 503.

[4] The Austin Bridge Company assigns as error the action of the court in permitting Edward N. Rust to testify, over the objection that, after he carried his son home, called physicians, had him treated, and returned to the bridge an hour or an hour and a half after the accident occurred, that L. W. Ha-

mill, the foreman of the Austin Bridge Company said:

"Well, Mr. Rust, I made a·mistake. I should have gone down under that bridge and inspected it, before such a heavy load went over there, and I did not, and I am so sorry,"

—as such testimony was a conclusion, was the opinion of a nonexpert, and was not part of the res gestæ. In our opinion, this testimony was not admissible, and this assignment· is sustained. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882; Lang Floral & Nursery Co. v. Sheridan (Tex. Civ. App.) 245 S. W. 467; De Walt v. Houston E. & W. T. Ry. Co., 22 Tex. Civ. App. 403, 55 S. W. 534.

[5] The Austin Bridge Company presents as error the action of the court in finding as a fact that it was an independent contractor in the work of repairing the bridge after the washout, and in refusing to submit such issue, which was properly requested, to the jury for its determination, because the pleadings and the evidence presented this question as an issue of fact. The testimony discloses that the Austin Bridge Company was to repair the bridge on a basis of cost plus a percentage for the labor, and a rental on the machinery which it furnished and used; that the Austin Bridge Company was to repair the bridge with the material furnished, and in the manner desired and satisfactory to. the Burkburnett Bridge Company, strengthen the bridge where directed and put new flooring where it was wanted, the material' for which was to be secured and furnished by the Burkburnett Bridge Company; that the foreman of the Austin Bridge Company got certain instructions from Mr. Graham, a member of the Burkburnett Bridge Company, regarding repairs and material, who he understood to be the general manager of such company; that on the date of the accident Mr. Graham was present at the bridge, was counseled with, and he, with the foreman of the Austin Bridge Company, advised and directed that runners should be placed on the bridge, for safety, over which the truck and engine should be backed. This issue was material, to enable the court to render a proper judgment, and these and other circumstances in the record we deem sufficient to raise the question as an issue of fact for the determination of the jury. Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768.

[6] The Burkburnett Bridge Company requested the court in writing to submit this issue to the jury. He refused, but found that the Austin Bridge Company was an independent contractor, to which refusal and finding of the court the Austin Bridge Company properly excepted. The Burkburnett Bridge Company, having requested the submission of this issue, is estopped from urging that it was not raised by the testimony. A litigant, requesting the submission of an issue, is estopped from asserting that there is no evidence to sustain the finding of a jury on such issue, much less would such party be permitted to urge that there was no testimony raising such issue. Poindexter v. Receivers of Kirby Lumber Co., 101 Tex. 323, 107 S. W. 42; Sanford v. Nueces River Valley R. Co. (Tex. Civ. App.) 143 S. W. 329; Gosch v. Vrana (Tex. Civ. App.) 167 S. W. 757; Lake v. Jones Lbr. Co. (Tex. Civ. App.) 233 S. W. 1011.

[7] The Austin Bridge Company alleged that its foreman had no authority to advise the plaintiff that it would be safe to continue with the truck and engine beyond a certain place without placing runners on the bridge, and that such statement was beyond the scope of his authority, and not binding upon it. It tendered as a witness the president of the company, by which it expected to prove that such foreman had no authority to pass on the strains, stresses, or capacity of the bridge. This statement was a conclusion of the witness, and, if admitted, would have permitted him to decide one. of the issues before the court; hence there was no error in excluding the testimony in the form offered.

[8] The Burkburnett Bridge Company presents as error the action of the court in rendering judgment against it, and the members thereof, because the jury found in effect that it was not guilty of negligence in permitting the plaintiff to drive on the part of the bridge where the accident occurred; that the plaintiff was guilty of contributory negligence in disregarding the warning given by it that the truck should not cross the bridge unless 3x12 runners were laid, upon which the truck should be backed; that said company could not have anticipated that plaintiff would undertake to operate the truck without the runners, and that it had not advised him that the bridge was safe without them, and, as the failure to place the runners was the cause of the accident and injury, this failure constituted an intervening and efficient proximate cause of the injury, for which the jury found it was not responsible.

"If there intervenes between a remote cause and the injury a distinct, unrelated, and efficient cause, or if no injury would have occurred, notwithstanding the condition, but for such independent cause, such remote cause does nothing more than furnish the condition, and cannot be held to be either the sole or concurrent proximate cause." H. & T. C. Ry. Co. v. Gerald, 60 Tex. Civ. App. 151, 128 S. W. 166.

In order to say that the failure to place the runners along the bridge where the accident occurred was an intervening, distinct, unrelated, and efficient cause would require a holding that the runners would have added sufficient strength to the burned and weakened girders supporting the· floor of the

bridge to have prevented their breaking and thus avoided the injury. No such issue was submitted to the jury, and no request therefor, and the evidence is too meager and uncertain, though conflicting, to warrant a presumption, in favor of the judgment, that any finding thereon was made by the court, or to authorize this court to determine such issue.

[9] The Burkburnett Bridge Company next contends that in any event such findings of the jury are in conflict with the answer to special issue No. 6, that the plaintiff was not guilty of contributory negligence, and hence, as against it, the court was not authorized to render a judgment. In view of the undeveloped and unsatisfactory condition of the record, relative to whether the placing of the runners would have prevented the accident and the injury, this contention, we think, is sound. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544; Williams v. Zang (Tex. Com. App.) 279 S. W. 815.

[10] The court did not commit error against the Burkburnett Bridge Company, as it contends, in submitting to the jury the issue of whether or not it was guilty of negligence in permitting the burnt timbers to remain in the bridge from the time it was repaired to the time of the accident.

[11] Both appellants contend that issue No. 7, copied above, as submitted by the court, is erroneous, because from the answer of the jury thereto it cannot be determined which of the acts of negligence found by the jury to have been committed by the respective defendants was the proximate cause of appellee's injury. It will be noted, from the issues answered by the jury, that each defendant was guilty of negligence, and issue No. 7 requires them to state whether such negligence as they determined the defendants were guilty of was the proximate cause of appellee's injury, and we think this answer discloses that the jury found that all the acts determined by it to be negligence were the proximate cause.

[12] Both the pleadings and testimony were sufficient to authorize the submission of each act of negligence submitted by the court, and the cases of S. A. & A. P. Ry. Co. v. Biggs (Tex. Civ. App.) 283 S. W. 627, and Debes v. Greenstone (Tex. Civ. App.) 247 S. W. 289, do not sustain appellants' contention. The rule is:

"If several efficient causes contribute to an injury, and without the operation of each the injury would not have occurred, each cause is a proximate cause." Latta v. Bier (Tex. Civ. App.) 281 S. W. 240; Great West Mill & Elevator Co. v. Hess (Tex. Civ. App.) 281 S. W. 234.

[13] However, in view of another trial, we suggest that the issue of proximate cause be so submitted as to require the jury to determine whether some independent act or acts of negligence of one of appellants was the efficient proximate cause of the injury, or whether the negligent act or acts of both of the appellants were concurring proximate causes. What has been said disposes of the errors presented.

The judgment is reversed, and the cause remanded.