**GRAHAM et al. v. QUAIL INDEPENDENT SCHOOL DIST. et al.　(No. 2861.)**

Court of Civil Appeals of Texas. Amarillo.
Sept. 21, 1927.

Rehearing. Denied Nov. 2, 1927.

1. **Appeal and error** ☞742(1)—Failure of proposition to state it is germane to certain assignment of error does not preclude its consideration.

Failure of a proposition in appellants' brief to state that it is germane to a certain assignment of error does not preclude its consideration.

2. **Appeal and error** ☞501(3), 690(1)—Assignment of error to exclusion of evidence will be overruled, where record fails to show exclusion, exception, or bill of exception.

Assignment of error to exclusion of evidence will be overruled, in absence of a showing in the record that such evidence was excluded, or if it was excluded, that any objection was made or exception taken thereto, or of bill of exception relative to such exclusion.

3. **Trial** ☞260(5)—Refusal of instruction as to intrinsic value of land held not reversible error, in view of evidence as to market value and of instruction given.

In taxpayers' suit to enjoin school district from issuing bonds to erect and equip a school building, refusal of plaintiff's special instruction that, if jury found that real estate in district had no cash market value, to find from testimony its intrinsic value, *held* not reversible error, where evidence showed that there was a market value and court's instructions allowed jury to consider actual value.

4. **Appeal and error** ☞882(14)—Plaintiffs, by requesting submission of issue to jury, conceded that testimony raised fact issue.

Plaintiffs, by requesting submission of an issue to the jury, conceded that the testimony raised an issue of fact in respect thereto.

5. **Schools and school districts** ☞111—In suit to enjoin issuance of school bonds, evidence held sufficient to go to jury on issue whether assessed value was greatly in excess of intrinsic value of property.

In taxpayers' suit to enjoin school district from issuing bonds to erect and equip school building, in which plaintiffs asserted that assessed valuation of property in district was greatly in excess of its real market or intrinsic value, evidence *held* sufficient to go to the jury on that issue.

Appeal from District Court, Collingsworth County; R. L. Templeton, Judge.

Suit by R. E. Graham and others against the Quail Independent School District and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. H. Cocke, of Wellington, for appellants.
C. C. Small, of Wellington, for appellees.

JACKSON, J. This suit was instituted in the district court of Collingsworth county, Tex., by the appellants R. E. Graham and nineteen other taxpayers of the Quail independent school district to enjoin said district and its board of trustees from issuing bonds of said district, in the sum of $17,000, for the purpose of erecting and equipping a school building.

Appellants allege that the Quail independent school district is legally incorporated for school purposes and acting by its duly constituted board of trustees; that said district contains 21 sections of land, and has an outstanding bonded indebtedness of $800; that on June 26, 1926, by an election held and carried for that purpose, the school district and its board of trustees were duly authorized to issue bonds in the sum of $17,000, bearing interest at the rate of 5½ per cent. per annum, due 40 years after the date of said bonds; that a transcript of the proceedings of said election had been made and forwarded to the Attorney General of the state for approval; that in connection with and as a part of said transcript there was forwarded a tax assessment valuation certificate of the property, showing a valuation of the property in said district to be $359,325, which is greatly in excess of the real market or intrinsic value of said property, which does not exceed $250,000; that the true value of said property is wholly insufficient to authorize the issuance of said bonds in the amount of $17,000, as voted, and the revenue derived by taxes on the true value of said property would not justify the issuance of an indebtedness in excess of $11,000, and would be wholly insufficient to liquidate the indebtedness evidenced by said bonds at their maturity if issued in the sum of $17,000; that there was no legally appointed tax assessor for said district; that the assessments made on the property, as certified, were not legally made; that no board of equalization for the district was lawfully appointed and qualified; that the tax rolls filed, showing the value of said property in the district for tax purposes, was not lawfully compiled, or certified, and not approved by any board of equalization of said district, and that all proceedings connected therewith were illegal, null, and void; that the bonds attempted to be issued were for the purpose of erecting and equipping a school building within the district, although it already had a substantial and commodious school building sufficient to care for the needs and requirements of the said district, and that the defendants are about to dispose of said building.

The appellants sufficiently allege their rights to maintain the suit, and pray that evidence of the tax values of the property in said district be heard, and on a final hearing the defendants be enjoined from selling said school building; that the value of the prop-

erty be determined by the court, and, if not sufficient to authorize the bonds, their issuance be enjoined and the assessments attempted to be made be held null and void.

The appellees answered by general and special exceptions, and denied the equities of the bill. They specially pleaded that the district had on hand a sinking fund of $677.25 to be applied on the $800 outstanding bonded indebtedness; that the reasonable value of the property in the district, assessed at a rate allowed by law, would produce sufficient revenue to pay the interest on and provide a sinking fund sufficient to liquidate the bonds at maturity; that the assessor was duly appointed and qualified, and the assessment roll of the district compiled in the manner prescribed by law, that the board of equalization was appointed and qualified, caused notices to be issued to each taxpayer, commanding him to appear and show cause why the valuation of his property should not be raised; that, after a fair and impartial hearing, the board of equalization set the valuation of the property in said district, and they are neither excessive nor oppressive, but really less than its true value.

The court submitted the case to the jury on one issue, which reads as follows:

"What do you find from a preponderance of the testimony to be the true and full value of all real estate contained in the twenty-one sections of land of the Quail independent school district at the time the same was assessed for taxes for the said district in 1926? In this connection, you are instructed that the term 'true and full value' means the fair market value in cash at the place and the time where the said property was assessed for taxes, and being the price which could be obtained therefor at private sale, and not the price that could be obtained therefor at said time and place at forced or auction sale. And in this connection you may take into consideration not only the price at which said property might have been sold at said time and place, but you may take into consideration the actual value of the said property at said time and place."

In response to this issue, the jury answered, "$248,640." On this finding the court entered judgment denying the injunction, and the appellants have appealed.

[1] The appellees except and object to the consideration of appellants' brief, because the propositions contained therein are not germane to any assignment of error presented, and do not specify any assignment to which such propositions are germane. The failure of a proposition to state that it is germane to a certain assignment of error is not fatal to its consideration. Afflerbach et al. v. Yorktown Independent School District et al. (Tex. Com. App.) 289 S. W. 1003.

Some of the propositions urged by appellants are not germane to any of their assignments of error, but such as are we will consider.

[2] Appellants assign as error the action of the trial court in refusing to permit them to prove the actual and intrinsic value of the property within the district, as the testimony disclosed that the real estate did not have a cash market value.

Other than the statement in the assignment and proposition, the record fails to show that such testimony was excluded, or, if it was excluded, any objection was made to the action of the court or any exception taken thereto. There is no bill of exception relative to the exclusion of such testimony in the record; hence this assignment is overruled. Nami v. Harmes et ux. (Tex. Civ. App.) 286 S. W. 558; Elledge v. St. Louis Southwestern Ry. Co. of Texas (Tex. Civ. App.) 202 S. W. 203; Fidelity-Phoenix Fire Ins. Co. v. O'Bannon (Tex. Civ. App.) 178 S. W. 731.

[3] The appellants assign as error the action of the court in refusing its special instruction, to the effect that, if the jury found that the real estate in the Quail independent school district had no cash market value, to find from the testimony its intrinsic value. The testimony is practically uncontroverted that the real estate situated in the district at the time it was assessed for taxes had a market value. Only one witness testified that the land did not have a market value, but stated:

"Real value as I understand it is what it would sell for. I understand that the market value is what the land would sell for."

It will be noted in the explanation made by the court, in the issue he submitted on value, that he instructed the jury:

"You may take into consideration not only the price at which said property might have been sold at said time and place, but you may take into consideration the actual value of said property at said time and place."

In view of the record, which shows there was a market value and the instructions of the court allowing the jury to consider the actual value, this assignment does not present reversible error.

[4, 5] The appellants assign as error the action of the court in refusing to give their peremptory instruction, because there was no evidence presenting any issue of fact, and none to support the verdict of the jury. The appellants conceded that the testimony raised an issue of fact as to the value of the land by their request for the submission to the jury of the issue of its actual or intrinsic value. Hardin et al. v. Rust (Tex. Civ. App.) 294 S. W. 625. The tax assessment rolls of the district, after the values were fixed by the board of equalization, show that the personal property in the district was valued at $78,885; that the real estate in the district was valued at $280,440. Mr. Crabtree testified that in his opinion there was no property on the rolls assessed at more than its actual value. No witness placed the value of any of the land

at less than $10 per acre, and various tracts of land were by numerous witnesses, respectively, valued at $75 per acre, $60 per acre, $50 per acre, $45 per acre, etc. Considering the acreage in the district, and the size of the tracts on which such values were placed, the testimony amply supported the finding of the jury as to the aggregate value of all of the lands within the district. No question is made as to the values placed upon the personal property in the district.

Finding no error presented in the record, the judgment is affirmed.